■ FORREST TAROLLI et al., Respondents, v CONTINENTAL CASUALTY COMPANY, Doing Business as CNA, Appellant.— Judgment unanimously modified on the law and as modified affirmed without costs and judgment granted in accordance with the following Memorandum: Supreme Court properly declared that defendant Continental Casualty Company, doing business as CNA, is obligated to defend and indemnify plaintiff Tarolli in an action against him by Gustav Schmidt. The record indicates that Tarolli retained Schmidt to transport Tarolli's equipment, a grader, by using Schmidt's flat bed trailer; that Tarolli directed Schmidt to the location of the equipment, another construction site at which Tarolli was using the equipment; that after Schmidt arrived at that

construction site, Tarolli and Schmidt engaged in loading the equipment on the trailer; and that Schmidt was injured while Tarolli was loading the equipment on the trailer. In these circumstances, Tarolli was a "lessee or borrower" engaged in "moving property to or from a covered auto", i.e., Schmidt's trailer, and, thus, was an insured within the meaning of the CNA policy issued to Schmidt (see, *Kozdranski Co. v Jamestown Mut. Ins. Co.*, 40 AD2d 187, *affd* 34 NY2d 542). Further, there is no merit to CNA's contention that coverage for Schmidt's injuries was excluded under the terms of the policy (see, *Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120; *see also, Morgan v Greater N. Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243).

Supreme Court erred, however, in declaring that the coverage provided to Tarolli by his insurance carrier, Crum & Forster, was excess to the coverage provided by CNA. The plain language of the two policies establishes that each provides primary coverage. It is well settled that where, as here, two applicable policies contain pro rata "other insurance" clauses, each insurer is liable for the proportion of the loss that the amount of the policy bears to the total amount of collectible or valid insurance (see, *Lamberti v Anaco Equip. Corp.*, 16 AD2d 121, 125-126; *American Lumbermens Mut. Cas. Co. v Lumber Mut. Cas. Ins. Co.*, 251 App Div 231, 234-235).

Accordingly, the judgment of Supreme Court is modified to declare that Crum & Forster and CNA are both primary insurers, and that each is responsible for its pro rata share of the obligation to Tarolli. (Appeal from Judgment of Supreme Court, Onondaga County, Mordue, J.—Summary Judgment.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.