■ PELLECHIA & PELLECHIA, INC., et al., Appellants, v AMERICAN NATIONAL FIRE INSURANCE COMPANY et al., Respondents. [665 NYS2d 565] —In an action, *inter alia,* to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Hall, J.), dated October 31, 1996, which granted the defendants' motion to dismiss the plaintiffs' second, third, and fourth causes of action, and denied their cross motion for partial summary judgment on the first cause of action and for leave to amend their complaint.

Ordered that the order is affirmed, with costs.

The plaintiffs operated two jewelry stores which were insured by the defendants, American National Fire Insurance Company and Great American Insurance Company. After an armed robbery occurred at one of the jewelry stores, the plaintiffs filed a claim with the defendants to recover for their loss. The defendants denied payment of the plaintiffs' claim on the

grounds that the claim was beyond the scope of the coverage provided and that the claim was exaggerated and fraudulent. The plaintiffs subsequently commenced this action alleging breach of contract, bad faith, and violation of General Business Law § 349. The complaint sought compensatory and punitive damages.

Viewing the complaint in the favorable light to which it is entitled on a motion to dismiss (*see, Scavo v Allstate Ins. Co.,* 238 AD2d 571), the plaintiffs have failed to allege facts sufficient to support their contention that the defendants violated General Business Law § 349. Since the complaint essentially alleges a private contract dispute over policy coverage and the processing of a claim which is unique to these parties, rather than conduct which affects the consuming public at large, the complaint fails to allege a cause of action pursuant to General Business Law § 349 (*see, New York Univ. v Continental Ins. Co.,* 87 NY2d 308; *Teller v Bill Hayes, Ltd.,* 213 AD2d 141, 144-148).

The Supreme Court properly denied the plaintiffs' motion for summary judgment since the plaintiffs failed to sufficiently establish, through the tender of evidentiary proof in admissible form, their cause of action for breach of contract which would entitle them to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562; *Friends of Animals v Associated Fur Mfrs.,* 46 NY2d 1065).

The plaintiffs' remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.