■ JEFFREY MOORMAN, Appellant, v HUNTINGTON HOSPITAL et al., Respondents, et al., Defendants. [678 NYS2d 787] —In an action, *inter alia*, to recover damages for defamation, the plaintiff appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Suffolk County (Dunn, J.), dated July 24, 1997, as granted that branch of the motion of the defendants Huntington Hospital, Jay R. Gaudreault, Donald Head, Thomas Hoeft, Michael Quartier, and Arlene Johnson which was for summary judgment dismissing the amended complaint insofar as asserted against them, and (2) a judgment of the same court, entered September 24, 1997, as dismissed the amended complaint insofar as asserted against those defendants.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is modified, on the law, by deleting the provision thereof granting that branch of the motion which was for summary judgment dismissing the amended first cause of action insofar as asserted against the respondents,

and substituting therefor a provision granting that branch of the motion which was for partial summary judgment dismissing so much of the amended first cause of action as asserted a claim for libel regarding the filing of an initial report with the National Practitioner Data Bank in 1991 and denying that branch of the motion which was for summary judgment dismissing so much of the first cause of action as asserted a claim for libel arising from the filing of a second report with the National Practitioner Data Bank in 1993, and severing that portion of the cause of action; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the order dated July 24, 1997, is modified accordingly.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on appeal from the judgment (*see,* CPLR 5501 [a] [1]).

Pursuant to the Health Care Quality Improvement Act of 1986 (42 USC § 11101 *et seq.*) (hereinafter the Act), a hospital is required to make certain reports to the National Practitioner Data Bank (hereinafter the Data Bank) regarding actions affecting a physician's clinical privileges (*see,* 42 USC §§ 11133, 11134). In connection with these mandated filings, a hospital is shielded from civil liability with respect to those reports made "without knowledge of the falsity of the information contained in the report" (42 USC § 11137 [c]).

In his first cause of action, the plaintiff, a physician formerly on the staff of Huntington Hospital, asserted two libel claims arising from reports made by the hospital to the Data Bank regarding the circumstances of his resignation from its staff (*see, Liberman v Gelstein,* 80 NY2d 429, 435; *Tracy v Newsday, Inc.,* 5 NY2d 134, 136). The Supreme Court properly dismissed the plaintiff's claims arising from the first Data Bank report as time-barred (*see,* CPLR 215 [3]). However, we conclude that the court erred in granting summary judgment as to the second Data Bank report.

Upon the respondents' motion for, *inter alia,* summary judgment, which was based, in part, upon the immunity provided by the Act, the plaintiff had alleged, in opposition thereto, that the contents of a second Data Bank report made by the defendant Hospital contained a false report of the events surrounding his resignation and was knowingly falsely made.

Inasmuch as the respondents failed to refute the plaintiff's

sworn allegations concerning the second Data Bank report, and there is conflicting documentary evidence in the record, they did not demonstrate their entitlement to judgment as a matter of law (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). The existence of this factual controversy on a material point precluded any award of summary judgment on this claim (*see,* CPLR 3212 [b]; *Phillips v Kantor & Co.,* 31 NY2d 307, 311).

The remaining causes of action were properly dismissed. Bracken, J. P., Miller, O'Brien and Santucci, JJ., concur.