■ Jonathan A. Korn, Appellant, v First UNUM Life Insurance Company, Respondent, et al., Defendant. [717 NYS2d

606] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Westchester County (Marbach, R.), dated February 11, 1999, as denied his motion for a protective order directing the defendant First UNUM Life Insurance Company to relinquish possession of his Federal personal income tax returns, suppressing use of the information contained therein, and denying further disclosure of his Federal personal income tax returns, denied his separate motion to compel the defendant First UNUM Life Insurance Company to produce certain documents, and granted that branch of the cross motion of the defendant First UNUM Life Insurance Company which was to dismiss the sixth cause of action for failure to state a cause of action.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff's sixth cause of action, alleging a violation of General Business Law § 349, was properly dismissed for failure to state a cause of action (*see,* CPLR 3211 [a] [7]). Viewing the complaint with the assumption that all the allegations contained therein are true (*see, Becker v Schwartz,* 46 NY2d 401, 408; *Sotomayor v Kaufman, Malchman, Kirby & Squire,* 252 AD2d 554; *S.A.E. Motor Parts Co. v Tenenbaum,* 226 AD2d 518), the plaintiff failed to allege facts sufficient to support his contention that the defendant First UNUM Life Insurance Company violated General Business Law § 349. Since the complaint essentially alleges a private contract dispute over policy coverage that is unique to the parties, rather than conduct that affects consumers at large, the complaint fails to state a cause of action pursuant to General Business Law § 349 (*see, Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25; *Pellechia & Pellechia v American Natl. Fire Ins. Co.,* 244 AD2d 395; *Jim & Phil's Family Pharmacy v National Prescription Adm'r,* 233 AD2d 423; *Northwestern Mut. Life Ins. Co. v Wender,* 940 F Supp 62).

The plaintiff's remaining contentions are without merit. Santucci, J. P., Sullivan, Friedmann and Krausman, JJ., concur.