■ SECURITY MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Respondent, v CHRISTOPHER E. DiPASQUALE, Appellant. (And Another Action.) [724 NYS2d 594] —Order, Supreme Court, New York County (Paula Omansky, J.), entered January 28, 2000, which, to the extent appealed from, denied defendant leave to amend his answer with respect to the second counterclaim, and paragraphs 59 to 99, of his proposed second amended answer, and order, same court and Justice, entered June 26, 2000, which, upon reargument, adhered to the January 28, 2000 order, unanimously affirmed, without costs.

The proposed counterclaim under General Business Law § 349 is not viable because the counterclaim "essentially alleges a private contract dispute over policy coverage that is unique to the parties, rather than conduct that affects consumers at large" (see, Korn v First UNUM Life Ins. Co., 277 AD2d 355, 356). This case is about a decision as to coverage, made on the basis of facts concerning this particular insured (see, Pellechia & Pellechia v American Natl. Fire Ins. Co., 244 AD2d 395). Although General Business Law § 349 is not necessarily inapplicable in insurance disputes (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 321), it is here since all that is at issue is the sufficiency of a particular proof of loss (see, Schunk v New York Cent. Mut. Fire Ins. Co., 237 AD2d 913). We have not reached defendant insured's argument that the 1995 contract between plaintiff insurer and an adjuster, newly added as a party to this action pursuant to the first order on appeal, should be voided ab initio and immediate relief awarded defendant, since that argument is beyond the scope of the appeal as defined by defendant's notice of appeal (see, Watts v Gardiner, 90 AD2d 615). Were we to reach it, we would find no basis for judgment as a matter of law at this time (see, Di Pasquale v Security Mut. Life Ins. Co., 273 AD2d 621). Concur—Sullivan, P. J., Rosenberger, Williams, Mazzarelli and Friedman, JJ.