■ ROBERT MARTIN et al., Respondents, v GROUP HEALTH INCORPORATED, Appellant. [767 NYS2d 803]—

In an action, inter alia, to recover damages for breach of contract and for a judgment declaring that the defendant is obligated to provide insurance coverage for dental implants and related procedures under a comprehensive benefits plan and a revised comprehensive benefits plan issued to the plaintiffs, the defendant appeals from (1) an order of the Supreme Court, Nassau County (Honorof, J.), dated June 21, 2002, which granted the plaintiffs' motion, inter alia, to fix the amount of an award of an attorney's fee, and (2) a judgment of the same court dated July 24, 2002, which upon, in effect, the granting of the plaintiffs' motion, made at the close of evidence, for judgment as a matter of law on their cause of action for a declaratory judgment, upon a jury verdict on the other causes of action, and upon the order dated June 21, 2002, is in favor of the plaintiffs and against it in the principal sums of $125,717 in compensatory damages, $100,000 in punitive damages, and $53,773.50 as an attorney's fee.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is reversed, on the law and the facts, without costs or disbursements, and the matter is remit-

ted to the Supreme Court, Nassau County, for the entry of an amended judgment awarding compensatory damages through October 31, 1997, and declaring that the defendant is obligated to provide coverage for the plaintiff Joan Martin's dental implants and related procedures under its comprehensive benefits plan through October 31, 1997, and that it is not obligated to provide coverage for such services under the revised comprehensive benefits plan.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly concluded that dental implants and related procedures were covered by the defendant's comprehensive benefits plan. However, the revised comprehensive benefits plan, which was approved by the New York State Insurance Department on October 31, 1997, expressly excluded coverage for such services. Consequently, the court's declaration should have provided that there was no coverage for dental implant services rendered after that date (*see Sheehan v State Farm Fire & Cas. Co.,* 239 AD2d 486 [1997]), and the compensatory damages should have been limited accordingly.

Further, the evidence was legally insufficient to support the verdict in favor of the plaintiffs on their cause of action asserted pursuant to General Business Law § 349 (*see Cohen v Hallmark Cards,* 45 NY2d 493 [1978]). Recovery under General Business Law § 349 requires proof, inter alia, that the defendant's conduct had an impact on consumers at-large (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]). There was no proof of consumer-oriented conduct in this case and, consequently, the plaintiffs were not entitled to recover damages and an attorney's fee for violation of General Business Law § 349 (*see Korn v First UNUM Life Ins. Co.,* 277 AD2d 355 [2000]; *Pellechia & Pellechia v American Natl. Fire Ins. Co.,* 244 AD2d 395 [1997]).

Finally, there was no basis for an award of punitive damages. The defendant's conduct was not actionable as an independent tort and it did not involve "a fraud evincing a 'high degree of moral turpitude' " or " 'such wanton dishonesty as to imply a criminal indifference to civil obligations' " directed " 'at the public generally' " (*Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 613 [1994], quoting *Walker v Sheldon,* 10 NY2d 401, 404-405 [1961]; *see Logan v Empire Blue Cross & Blue Shield,* 275 AD2d 187, 194 [2000]).

In light of the foregoing, it is unnecessary to address the defendant's remaining contentions. Altman, J.P., H. Miller, Adams and Mastro, JJ., concur.