Ordered that one bill of costs is awarded to the plaintiff wife.

Contrary to the husband's contention, the allegations contained in the complaint were sufficient to state a cause of action for divorce based on cruel and inhuman treatment (see Wanser v Wanser, 214 AD2d 611, 612 [1995]; Hirschhorn v Hirschhorn, 194 AD2d 768 [1993]; Horvath v Horvath, 177 AD2d 617, 618 [1991]). Furthermore, the allegations sufficiently apprised the husband of the accusations against him so as to enable him to prepare a defense (see Pfeil v Pfeil, 100 AD2d 725 [1984]; Kapchan v Kapchan, 104 AD2d 358, 359 [1984]; McKilligan v McKilligan, 156 AD2d 904, 907 [1989]).

Moreover, under the facts of this case, the Supreme Court properly issued an order of protection (see Family Ct Act § 812 [1]; Matter of Amy Cohen L. v Howard N.L., 222 AD2d 677 [1995]).

The husband's remaining contentions are without merit. Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.

NORTHERN INSURANCE COMPANY OF NEW YORK, Appellant-Respondent, v TIG INSURANCE COMPANY, Respondent-Appellant. [767 NYS2d 809]—

In an action, inter alia, for a judgment declaring the rights and obligations of two insurance companies under their respective automobile insurance policies arising from a personal injury action entitled Toefer v Long Island Railroad, pending in the Supreme Court, Queens County, under Index No. 22513/95, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Dye, J.), dated July 11, 2002, as upon granting that

branch of its cross motion which was for leave to enter judgment on the defendant's failure to appear or answer, declared that the parties "are each responsible for their pro rata share of their indemnity obligations to Jana Construction Company and the Long Island [Rail Road] to the extent that the Long Island [Rail Road] may be found liable for Jana Construction Company's negligence" for damages arising from the underlying personal injury action, and failed to declare that its automobile insurance policy provides only excess coverage to these entities, and the defendant cross-appeals, as limited by its brief, from stated portions of the same order and judgment, which, inter alia, denied that branch of its motion which was to vacate its default in answering the complaint.

Ordered that the order and judgment is modified, on the law, by deleting the provision thereof declaring that the parties are each responsible for their pro rata share of their indemnity obligations and substituting therefor a provision declaring that the plaintiff's automobile insurance policy provides only excess coverage to Jana Construction Company and the Long Island Rail Road to the extent that the Long Island Rail Road may be found liable for Jana Construction Company's negligence for damages arising from the underlying personal injury action; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the plaintiff.

There was no basis to vacate the defendant's default since it failed to demonstrate a meritorious defense to the complaint seeking a declaration of its primary liability (*see Tarolli v Continental Cas. Co.*, 181 AD2d 1021 [1992]; *Kozdranski Co. v Jamestown Mut. Ins. Co.*, 40 AD2d 187 [1972], *affd* 34 NY2d 542 [1974]). It is settled that the loading and unloading of a vehicle constitutes use thereof within the meaning of Vehicle and Traffic Law § 388 (*see Argentina v Emery World Wide Delivery Corp.*, 93 NY2d 554 [1999]; *Paul M. Maintenance, Inc. v Transcontinental Ins. Co.*, 300 AD2d 209 [2002]). Here, the underlying accident occurred during the unloading of a truck insured by the defendant, and thus it will be liable, if at all, for the damages recoverable in the underlying action caused by the negligence of its insured. However, the Supreme Court erred in concluding that the two insurers were concurrently liable for damages arising from the underlying action. Based upon the plain language of the subject policies, the plaintiff's duty of indemnification in the underlying action will arise only if and when the defendant's coverage has been exhausted (*see State Farm Fire & Cas. Co. v LiMauro*, 65 NY2d 369, 374 [1985]).

The defendant's remaining contentions are without merit. Santucci, J.P., S. Miller, McGinity and Schmidt, JJ., concur.