556

■ Thomas Berardino, Respondent, v Christopher Ochlan, Appellant. [770 NYS2d 75]—

In an action, inter alia, to recover damages for fraud, the defendant Christopher Ochlan appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated October 10, 2002, as, upon granting that branch of his motion which was to dismiss the first cause of action insofar as asserted against him, granted the plaintiff leave to replead, and denied those branches of his motion which were to dismiss the second and third causes of action insofar as asserted against him.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, and the amended complaint is dismissed insofar as asserted against the defendant Christopher Ochlan.

The plaintiff is the trustee of an irrevocable life insurance trust created by his father, Joseph Berardino, and his mother. Over the course of several months, Joseph Berardino met with the defendant Christopher Ochlan, a life insurance agent, to discuss the exchange of an existing life insurance policy for a new policy with a longer term and greater rate of return. The plaintiff ultimately purchased a new policy, allegedly with his father's approval. The cash value of the new policy was approximately $180,000 less than that of the former policy as a result of the exchange.

The plaintiff subsequently commenced this action asserting three causes of action in his amended complaint against Ochlan alleging fraud and negligent misrepresentation, violation of Insurance Law § 2123 (a) (2), and violation of General Business Law § 349. The causes of action are based on the plaintiff's claim that Ochlan failed to disclose to him or to his father that

there would be a substantial reduction in the cash value of the policy. Ochlan moved to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7). In the order appealed from, the Supreme Court dismissed the fraud cause of action with leave to replead and otherwise denied the motion. We reverse the order insofar as appealed from.

Where documentary evidence definitively contradicts the plaintiff's factual allegations and conclusively disposes of the plaintiff's claim, dismissal pursuant to CPLR 3211 (a) (1) is warranted (*see Prudential Wykagyl/Rittenberg Realty v Calabria-Maher,* 2 AD3d 422 [2003]; *New York Community Bank v Snug Harbor Sq. Venture,* 299 AD2d 329 [2002]). The documentary evidence submitted by Ochlan established that the reduction in cash value was disclosed to the plaintiff. The plaintiff acknowledged receipt of a policy comparison form which indicated the reduction in value. As to the plaintiff's allegation that disclosure was not made to his father, Joseph Berardino is not a plaintiff and, because he is not an owner of the policy, he would not have standing to sue (*see Heslin v Metropolitan Life Ins. Co.,* 287 AD2d 113, 114 n 1 [2001]). It is the plaintiff, as trustee, who purchased the policy and who has title to the trust property and fiduciary obligations with respect to the property (*see* Restatement [Second] of Trusts §§ 2, 74, Comment *a*). Therefore, he cannot base his causes of action on an alleged failure to disclose information to his father (*but see Gaidon v Guardian Life Ins. Co. of Am.,* 272 AD2d 60 [2000], *mod* 96 NY2d 201 [2001]). Further, even if Ochlan's alleged nondisclosure to Joseph Berardino were relevant, the documentary evidence also refuted that claim. Various policy illustrations provided to Joseph Berardino, which he did not specifically deny receiving and one of which he signed, indicated that the cash value of the new policy would be reduced.

Finally, even if the plaintiff's claim of nondisclosure could be sustained, his third cause of action alleging a violation of General Business Law § 349 should have been dismissed pursuant to CPLR 3211 (a) (7) for failure to state a cause of action because the amended complaint does not sufficiently allege conduct having an impact on consumers at large (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308 [1995]; *Korn v First UNUM Life Ins. Co.,* 277 AD2d 355 [2000]; *Pellechia & Pellechia v American Natl. Fire Ins. Co.,* 244 AD2d 395 [1997]).

In light of our determination, it is unnecessary to address Ochlan's remaining contentions. Altman, J.P., McGinity, Luciano and H. Miller, JJ., concur.