■ MARIE VARVERIS, Respondent, v HERMITAGE INSURANCE COMPANY, Appellant. [806 NYS2d 688]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in a personal injury action entitled *Paez v Varveris*, pending in the Supreme Court, Kings County, under index No. 18200/98, the defendant appeals from an order of the Supreme Court, Kings County, dated July 2, 2004 (Davis, J.), which denied, with leave to renew upon completion of discovery, its motion pursuant to CPLR 3211 (a) (7) to dismiss the fifth cause of action for punitive damages.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the fifth cause of action is dismissed.

The plaintiff, Marie Varveris (hereinafter the insured), was the owner of a house insured by the defendant, Hermitage Insurance Company (hereinafter Hermitage). Richard Paez and Carolina Paez (hereinafter Paez) commenced an action to recover damages for personal injuries against the insured, alleging that they were injured when a portion of the house's ceiling fell on them. Although Hermitage initially undertook to defend the insured, Hermitage disclaimed coverage on the ground of non-cooperation.

Thereafter, the insured commenced a lawsuit against Hermitage seeking, inter alia, a declaration that Hermitage was obligated to defend and indemnify her in the underlying personal injury action. The fifth cause of action sought punitive damages due to Hermitage's "wrongful refusal to defend and indemnify plaintiff." Hermitage moved pursuant to CPLR 3211 (a) (7) to dismiss this cause of action for failure to state a cause of action, arguing that it "is not cognizable because it does not allege any purported wrong beyond Hermitage's denial, nor any claimed 'wrong' whatsoever as against the public generally." The Supreme Court denied the motion with leave to renew upon completion of discovery. We reverse.

Punitive damages are only available in limited circumstances where it is necessary to deter conduct which may be characterized as "a fraud evincing a 'high degree of moral turpitude' " or " 'such wanton dishonesty as to imply a criminal indifference to civil obligations' " directed " 'at the public generally' " (*Rocanova v Equitable Life Assur. Socy. of U.S.*, 83 NY2d 603, 613 [1994], quoting *Walker v Sheldon*, 10 NY2d 401, 404-405 [1961]; *see New York Univ. v Continental Ins. Co.*, 87 NY2d 308 [1995]; *Logan v Empire Blue Cross & Blue Shield*, 275 AD2d 187 [2000]). Here, the insured failed to show any facts or allegations to support her contention that Hermitage's conduct in this case was egregious or fraudulent, or that it evidenced wanton dishonesty so as to imply a criminal indifference to civil obligations directed at the public generally. This case is, in effect, simply a private breach of contract dispute between the insurer and its insured with no greater implications (*see Fulton v Allstate Ins. Co.*, 14 AD3d 380 [2005]; *Martin v Group Health*, 2 AD3d 414 [2003]). Furthermore, the insured's contention that she is entitled to discovery in order to adduce facts to substantiate her punitive damages claim is nothing more than a "fishing expedition," and thus should not have been countenanced (*see Fulton v Allstate Ins. Co., supra*; *see generally Oak Beach Inn Corp. v Town of Babylon*, 239 AD2d 568 [1997]).

Accordingly, Hermitage was entitled to dismissal of the cause of action for punitive damages. Schmidt, J.P., Santucci, Luciano and Lifson, JJ., concur.