■ JUDY FLORES-KING et al., Respondents, v ENCOMPASS IN-SURANCE COMPANY et al., Appellants. [818 NYS2d 221]—

In an action, inter alia, to recover damages for breach of an insurance contract, the defendants appeal from an order of the Supreme Court, Nassau County (Davis, J.), dated February 14, 2005, which denied their motion to dismiss the third, seventh, and eighth causes of action seeking compensatory and punitive damages and the claim to recover an attorney's fee.

Ordered that the order is reversed, on the law, with costs, the defendants' motion is granted, and the third, seventh, and eighth causes of actions, and the claim to recover an attorney's fee, are dismissed.

"A complaint does not state a claim for compensatory or punitive damages by alleging merely that the insurer engaged in a pattern of bad-faith conduct. The complaint must first state a claim of egregious tortious conduct directed at the insured claimant. Only then does an alleged pattern of bad-faith conduct attain legal significance insofar as it demonstrates that a public wrong would be vindicated by the award of punitive damages" (*Rocanova v Equitable Life Assur. Socy. of U.S.,* 83 NY2d 603, 615 [1994]; *see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 315, 316 [1995]; *Varveris v Hermitage Ins. Co.,* 24 AD3d 537, 538 [2005]). The insureds failed to set forth any facts or allegations to support their contention that the defendant insurers' conduct was egregious or fraudulent, or that it evidenced wanton dishonesty so as to imply a criminal indifference to civil obligations directed at the public generally. This case is, in effect, simply a private breach of contract dispute between the insurers and their insureds with no greater implications (*see Varveris v Hermitage Ins. Co., supra; Fulton v Allstate Ins. Co.,* 14 AD3d 380 [2005]; *Martin v Group Health,* 2 AD3d 414 [2003]).

"It is well established that an insured may not recover the expenses incurred in bringing an affirmative action against an insurer to settle its rights under the policy" (*New York Univ. v Continental Ins. Co., supra* at 324; *see Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21 [1979]). Thus, the plaintiffs' request to recover an attorney's fee is improper. Schmidt, J.P., Crane, Santucci and Spolzino, JJ., concur.