KSW MECHANICAL SERVICES, INC., Appellant, v AMERICAN PROTECTION INSURANCE COMPANY, Respondent. [835 NYS2d 703]—

In an action, inter alia, to recover damages for breach of an insurance contract, the plaintiff appeals (1) from a decision of

the Supreme Court, Queens County (Price, J.), dated February 8, 2006, and (2), as limited by its brief, from so much of a judgment of the same court dated August 1, 2006, as, upon the decision, after a nonjury trial, is in favor of the defendant and against it, dismissing the second cause of action and the related claim for punitive damages.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509 [1984]); and it is further,

Ordered that the judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The plaintiff, KSW Mechanical Services (hereinafter KSW), a heating, ventilation, and air-conditioning subcontractor, commenced this action against the defendant, American Protection Insurance Company (hereinafter American), after American failed to timely pay several property damage claims made by KSW under an owner controlled insurance policy, also referred to as a "wrap-up" policy.

The complaint included three causes of action. The second, which is the subject of this limited appeal, sought to recover consequential damages as a result of American's bad faith and/or breach of the insurance contract. In its prayer for relief, KSW also sought punitive damages.

The Supreme Court properly determined that KSW failed to establish any egregious or fraudulent conduct on American's part that would warrant the imposition of punitive damages (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 615 [1994]). Rather, this case presented nothing more than "a private breach of contract dispute between the insurer[ ] and [its] insured[ ] with no greater implications" (Flores-King v Encompass Ins. Co., 29 AD3d 627 [2006]).

Similarly, KSW's second cause of action was properly dismissed. Contrary to KSW's contention, consequential damages may not be recovered against an insurer based solely on allegations that a claim was denied in bad faith. KSW's allegations of bad faith, in the context of this breach of contract action, "amount[ ] to nothing more than a claim based on the alleged breach of the implied covenant of good faith and fair dealing, and the use of familiar tort language in the pleading does not change the cause of action to a tort claim in the absence of an underlying tort duty sufficient to support a claim for punitive damages" (New York Univ. v Continental Ins. Co., supra at 319-320).

In order to recover consequential damages arising from American's breach of the insurance contract, KSW was required to show, at the outset, that recovery of such damages was "brought within the contemplation of the [contracting] parties" (*Kenford Co. v County of Erie,* 73 NY2d 312, 319 [1989] [internal quotation marks omitted]). Where, as here, the policy itself does not specifically permit the recovery of consequential damages in the event of a breach by the carrier (*see High Fashions Hair Cutters v Commercial Union Ins. Co.,* 145 AD2d 465, 467 [1988]), "the commonsense rule to apply is to consider what the parties would have concluded had they considered the subject" (*Kenford Co. v County of Erie,* 67 NY2d 257, 262 [1986]). Assuming, without deciding, that American may be held contractually liable for consequential damages resulting from the untimely processing of claims under the wrap-up policy, KSW in this case bore the burden of establishing, prima facie, that its alleged damages were "reasonably certain and directly traceable to the breach, not remote or the result of other intervening causes" (*Kenford Co. v County of Erie, supra,* 67 NY2d at 261). Because KSW failed to make that showing, the Supreme Court properly dismissed its claim for consequential damages as "speculative, conjectural and legally insufficient."

KSW's remaining contentions, as well as those raised by the amicus curiae American Subcontractors Association, Inc., are without merit. Schmidt, J.P., Goldstein, Fisher and Lifson, JJ., concur.