In an action to recover damages for defamation, the defendants appeal (1) from an order of the Supreme Court, Nassau County (Diamond, J.), dated January 3, 2012, which denied their motion to dismiss the complaint pursuant to CPLR 3211 (a), and (2), as limited by their brief, from so much of an order of the same court dated May 7, 2012, as, upon renewal, adhered to the original determination.
Ordered that the appeal from the order dated January 3, 2012, is dismissed, as that order was superseded by the order dated May 7, 2012; and it is further,
Ordered that the order dated May 7, 2012, is affirmed insofar as appealed from; and it is further,
Ordered that one bill of costs is awarded to the plaintiff.
Pursuant to the federal Health Care Quality Improvement Act of 1986 (42 USC § 11101 et seq.), a hospital is required to make certain reports to the National Practitioner Data Bank (hereinafter the NPDB) regarding actions affecting a physician’s clinical privileges (see 42 USC §§ 11133, 11134; Moorman v Huntington Hosp., 254 AD2d 465, 466-467 [1998]). The plaintiff commenced this action on April 27, 2011, alleging, inter alia, that the defendants Mercy Medical Center (hereinafter Mercy), Patricia Garofalo, and David Mandel defamed him with respect to three written communications sent to the NPDB regarding the suspension of his clinical privileges at Mercy. The first cause of action pertains to a letter dated April 28, 2010, that was prepared by Garofalo, the second cause of action pertains to a letter dated November 22, 2010, that was prepared by Mandel, the third cause of action pertains to a Corrected Adverse Action Report dated April 27, 2010, that was prepared by Mandel (hereinafter the Corrected Report), and the fourth cause of action alleges that Mercy is vicariously liable with respect to those communications.
Upon renewal, the Supreme Court properly adhered to its de *903 termination denying the defendants’ motion to dismiss the complaint. “A communication made bona fide upon any subject matter in which the party communicating has an interest, or in reference to which he has a duty, is privileged if made to a person having a corresponding interest or duty (Byam v Collins, 111 NY 143, 150 [1888]). To the extent that this privilege (hereinafter the common-interest privilege) may apply to the communications at issue (see Stukuls v State of New York, 42 NY2d 272, 278-279 [1977]), the common-interest privilege can be overcome by a showing of malice (see Sokol v Leader, 74 AD3d 1180, 1182 [2010]). At this juncture, the allegations of malice that were set forth in the complaint and in the plaintiffs affidavit preclude dismissal of the complaint for failure to state a cause of action (see CPLR 3211 [a] [7]). Notably, a plaintiff has “no obligation to show evidentiary facts to support [his or her] allegations of malice on a motion to dismiss pursuant to CPLR 3211 (a) (7)” (Sokol v Leader, 74 AD3d at 1182 [internal quotation marks omitted]; see Demas v Levitsky, 291 AD2d 653, 661-662 [2002]).
Upon renewal, the defendants similarly failed to establish their entitlement to dismissal pursuant to CPLR 3211 (a) (1), based on the common-interest privilege. “A CPLR 3211 (a) (1) motion may be appropriately granted only where the documentary evidence utterly refutes plaintiff’s factual allegations, conclusively establishing a defense as a matter of law” (Jesmer v Retail Magic, Inc., 55 AD3d 171, 180 [2008] [internal quotation marks omitted]). As an initial matter, few of the documents relied on by the defendants actually constituted documentary evidence (see Fontanetta v John Doe 1, 73 AD3d 78, 83 [2010]). In any event, contrary to the defendants’ contention, a letter dated February 1, 2012, that was prepared by the United States Department of Health and Human Services, upon which the defendants based their motion to renew, failed to establish the defense that the defendants did not act with malice.
The defendants contend that the one-year statute of limitations applicable to defamation causes of action bars the third cause of action, which alleged defamation, and was premised on certain statements in the Corrected Report dated April 27, 2010. The defendants argue that the subject statements were originally published to the same audience on July 9, 2009, and that the single-publication rule fixes the date on which the cause of action accrued as the date of first publication (see CPLR 215 [3]; Hoesten v Best, 34 AD3d 143, 150-151 [2006]). However, the Supreme Court correctly concluded, upon renewal, that the subject statements “differ[ed] substantially in scope, detail and *904 descriptive content from the originally published documents.” Thus, the single-publication rule does not apply to the subject statements, and the third cause of action is not time-barred (see Hoesten v Best, 34 AD3d at 150-151). In addition, contrary to the defendants’ contention, the written evidence in the record does not establish that the plaintiff admitted the truth or substantial truth of the complained-of statements contained in the Corrected Report (see Berardino v Ochlan, 2 AD3d 556 [2003]). Accordingly, upon renewal, the defendants were not entitled to dismissal of the third cause action pursuant to CPLR 3211 (a) (1), (5) or (7).
Upon renewal, the Supreme Court also properly rejected the defendants’ contentions with respect to other alleged inadequacies in the complaint. Contrary to the defendants’ contention, the complaint set forth “the particular words complained of,” and thereby complied with the requirements of CPLR 3016 (a), which mandate the inclusion of such an allegation in a complaint seeking damages for defamation (see Sokol v Leader, 74 AD3d 1180, 1183 [2010]; Pappalardo v Westchester Rockland Newspapers, 101 AD2d 830 [1984], affd 64 NY2d 862 [1985]). In addition, at this stage of the litigation, the record does not support the defendants’ contention that the plaintiff consented to the publication of any of the documents at issue (see Teichner v Bellan, 7 AD2d 247, 251 [1959]; cf. Handlin v Burkhart, 220 AD2d 559 [1995]).
The defendants’ remaining contentions are without merit.
Dillon, J.P, Hall, Austin and Sgroi, JJ., concur.