In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Dutchess County (Forman, J.), dated December 11, 2013, as denied that branch of their motion which was for summary judgment dismissing the first cause of action, which alleged negligence in using a defective trailer and failing to stabilize and/or re-level the trailer.
Ordered that the order is affirmed insofar as appealed from, with costs.
Contrary to the defendants’ contention, the Supreme Court properly determined that they failed to establish their prima facie entitlement to judgment as a matter of law dismissing so much of the first cause of action as alleged that they negligently failed to stabilize and/or re-level a trailer during the time it was being unloaded (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980]). Vehicle and Traffic Law § 388 imposes a duty of care in the “use and operation” of vehicles on owners and permissive users of vehicles, and the “use and operation” of a tractor-trailer combination includes the unloading of cargo from the trailer (see Argentina v Emery World Wide Delivery Corp., 93 NY2d 554 [1999]; Northern Ins. Co. of N.Y. v TIG Ins. Co., 2 AD3d 422 [2003]; Paul M. Maintenance, Inc. v Transcontinental Ins. Co., 300 AD2d 209 [2002]). Here, there was conflicting evidence as to whether the driver of the subject truck met the duty of care by stabilizing or re-leveling the trailer as the plaintiff and others unloaded it. Since the defendants failed to satisfy their prima facie burden, that branch of their motion which was for summary judgment dismissing so much of the first cause of action as alleged negligent failure to re-level or stabilize the *881 trailer was properly denied, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
The Supreme Court also properly determined that the defendants failed to make a prima facie showing of entitlement to judgment as a matter of law dismissing so much of the first cause of action as alleged that the trailer was defective, as the defendants failed to address this issue in their original motion papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853; Foster v Herbert Slepoy Corp., 76 AD3d 210, 211 [2010]). Instead, the defendants addressed this issue for the first time in their reply papers. Since the defendants failed to meet their prima facie burden on this issue (see Tingling v C.I.N.H.R., Inc., 14 AD3d 954 [2010]; Sanz v Discount Auto, 10 AD3d 395 [2004]; Canter v East Nassau Med. Group, 270 AD2d 381 [2000]; Fischer v Edward M. Weiland M.D., P.C., 241 AD2d 439 [1997]; Lumbermens Mut. Cas. Co. v Morse Shoe Co., 218 AD2d 624, 625 [1995]), that branch of their motion which was for summary judgment dismissing so much of the first cause of action as alleged that the trailer was defective was properly denied, regardless at the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.