■ VOLT SYSTEM DEVELOPMENT CORP. et al., Respondents, v RAYTHEON COMPANY, Appellant.—Order, Supreme Court, New York County (Karla Moskowitz, J.), entered on or about May 22, 1989, which, *inter alia,* denied defendant's motion seeking to dismiss the first, second and fifth causes of action of the complaint and seeking to dismiss plaintiffs' claims for punitive damages and treble damages and attorneys' fees pursuant to the Massachusetts Unfair and Deceptive Trade Practices statute (Mass Gen L ch 93A) unanimously affirmed, with costs.

The underlying action for fraud in the inducement, negligent representation, breach of contract, breach of express warranties, and fraud, deceit and unfair and deceptive acts arose out of the sale of a portion of a Massachusetts-based corporation by the defendant to plaintiffs in January of 1983.

Contrary to defendant's assertions, the court's determination permitting plaintiffs to seek punitive damages and treble damages against the defendant under New York and Massachusetts law (Mass Gen L ch 93A) was neither internally inconsistent nor inconsistent with New York conflict of law principles.

Specifically, defendant's contention, raised for the first time on the present appeal, that plaintiffs cannot seek both punitive and treble damages in their complaint, ignores the clear mandate of CPLR 3014 and 3017 which permit, and in fact, encourage pleading of claims and remedies in the alternative, as well as New York practice which provides that the election of remedies, if any, "need not be made until all the proof has been presented". (3 Weinstein-Korn-Miller, NY Civ Prac ¶ 3002.04, at 30-122; *Cohn v Lionel Corp.,* 21 NY2d 559 [1968]; *Baratta v Kozlowski,* 94 AD2d 454, 464 [2d Dept 1983].)

Finally, applying the "interest analysis" approach to choice of law adopted by the New York Court of Appeals in *Schultz v Boy Scouts* (65 NY2d 189, 197 [1985]) and chapter 93A's requirement for a damage award that the unfair trade or practice must have occurred "primarily and substantially" in Massachusetts to the underlying facts, we have determined that the IAS court properly concluded, under choice of law

considerations, that Massachusetts had the most significant contacts and most relevant relationship to the activities and the parties and that the plaintiffs have, at the pleading stage, therefore stated a viable claim under chapter 93A of the Massachusetts General Laws. *(Neumeier v Kuehner,* 31 NY2d 121, 127 [1972]; *Hacohen v Bolliger Ltd.,* 108 AD2d 357, 361 [1st Dept 1985].)* Concur—Murphy, P. J., Sullivan, Wallach and Smith, JJ.