(March 7, 2000)

■ VAROUJAN MAKASTCHIAN et al., Respondents, v OXFORD HEALTH PLANS, INC., et al., Appellants. [704 NYS2d 44] —Orders, Supreme Court, New York County (Stephen Crane, J.), entered on or about August 31, 1998 and January 28, 1999, which, *inter alia*, granted plaintiffs class certification and summary judgment on the issue of defendants' liability for breach of contract and violation of General Business Law § 349, and which denied defendants' motion to dismiss the complaint, unanimously modified, on the law, to the extent of dismissing the second, third, fourth, and fifth causes of action and, except as so modified, affirmed, without costs. Appeal from order, same court and Justice, entered on or about July 9, 1998, unanimously dismissed, without costs, as superseded by the appeal from the order entered on or about August 31, 1998.

Plaintiffs, subscribers to a health care policy known as the Freedom Plan offered by defendant insurers (collectively, Oxford), allege that the policy provides that defendants invoice the insured for premiums 15 days before they are due; that in the event the premium is not timely paid, defendants must send the insured a termination notice containing a 30-day grace period for paying the premium; that defendants have regularly failed to give such advance notice of cancellation, instead mailing out retroactive notices of termination; that such termination notices are sent out even when defendants have previously supplied the insured with billing statements reflecting no outstanding premiums and when defendants have precertified medical procedures for the period of the retroactive termination; and that defendants have frequently mailed out erroneous billing statements that caused insureds to go into default, and then retroactively terminated the policies of such supposedly defaulting insureds. Plaintiffs seek declaratory and injunctive relief on theories of breach of contract, negligent misrepresentation, promissory estoppel, waiver, common-law fraud and deceptive trade practices in violation of General Business Law § 349.

We agree with the IAS Court that the action should be prosecuted as a class action, with a main class consisting of all persons who subscribed to the Plan (before January 1, 1996 for reasons not in issue on appeal) and a subclass consisting of those subscribers whose coverage was terminated for nonpayment of premiums. In question is defendants' general practice of terminating policies for nonpayment of premiums without notice, not whether certain subscribers did or did not pay their premiums before their policies were canceled. This general practice, and the question of whether it violates the insurance policy, affects all policy holders, who number many thousands, and any questions relating to individual reliance, causation and damages are, given the essentially declaratory nature of the relief sought, relatively insignificant, if not entirely irrelevant to the question of class certification (see, Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22). Considering that there are many subscribers who have no financial stake in the outcome but do have an interest in resolving whether defendants are required to provide notice of termination 30 days in advance, a class action is clearly superior to any other method of litigation.

On the merits, the IAS Court correctly held that defendants' practice of terminating policies without providing 30 days prior notice is in violation of the plain terms of the policy, and that

it does not avail defendants that such terms were the result of a typographical error. We also agree with the IAS Court that defendants may have engaged in deceptive practices that would cause subscribers to believe that they still had health insurance when coverage had already been canceled.

As to the claims predicated on misrepresentation, waiver and estoppel, Supreme Court concluded that questions of fact remain with respect to these issues. While we do not dispute plaintiffs' right to assert these theories, we note that they are subsumed under the breach of contract cause of action (Calamari and Perillo, Contracts § 104-105, at 178-179) and neither state an independent basis for recovery (*Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.*, 70 NY2d 382, 389; *North Shore Bottling Co. v Schmidt & Sons*, 22 NY2d 171, 179) nor seek compensation distinct from that sought under the claim for breach of contract (*Rockefeller Univ. v Tishman Constr. Corp.*, 240 AD2d 341, 342, *lv denied* 91 NY2d 803). Concur—Sullivan, P. J., Wallach, Rubin, Saxe and Friedman, JJ.