■ **TWO QUEENS, INC.,** et al., Respondents, v **RONALD SCOZA,** Defendant, and **RND ENTERPRISES, INC.,** et al., Appellants. [745 NYS2d 517] —Order, Supreme Court, New York County (Karla Moskowitz, J.), entered May 24, 2001, which granted plaintiffs' motion to dismiss the counterclaims of defendant Next Magazine, unanimously reversed, on the law, without costs, the motion denied and counterclaims reinstated. Appeals from order, same court and Justice, entered August 9, 2001, which denied the motion of defendant Next Magazine for leave to renew or reargue, and from order, same court and Justice, entered January 8, 2002, which dismissed the counterclaims of defendant Ronald Scoza, unanimously dismissed, without costs.

HX Magazine is a New York-based publication geared toward the gay and lesbian community, with its principal place of business and executive offices in New York City; defendant Next Magazine, also a New York-based publication with the same focus, is alleged to be HX's principal competitor. Both publications derive 100% of their revenue from advertising. Plaintiffs' claims, which are not in issue in this appeal, arose from an alleged breach of a restrictive covenant in an employment agreement between HX and defendant Ronald Scoza. Defendants responded to the complaint with an answer that included several counterclaims, including antitrust claims brought pursuant to the Federal Sherman and Clayton Acts and New York's Donnelly Act. Defendants subsequently

submitted a "First Amended Answer, Affirmative Defenses and Counterclaims as of Right," which differed from their initial answer only to the extent it deleted any allegations of federal antitrust act violations. The crux of the allegations in Next's Donnelly Act counterclaim is that HX had attempted to monopolize the relevant market by entering into agreements with advertisers that provided for discounted or free advertising in exchange for the advertisers' commitment not to advertise in Next. Next alleges that it has lost advertisers and advertising revenue as a direct result of HX's monopolistic, anticompetitive practices.

Prior to the taking of any discovery, plaintiffs moved for summary judgment and/or to dismiss defendants' Donnelly Act counterclaims on the ground that Supreme Court lacked subject matter jurisdiction because HX's advertising base substantially consisted of national advertisers and that, therefore, the alleged anticompetitive practices affected interstate commerce, making defendant's antitrust counterclaims subject to the exclusive jurisdiction of the federal courts. Alternatively, HX contended that, according to Next's own assertions, Next had increased its circulation, thus foreclosing any market harm, which is an essential element of a Donnelly Act claim.

Supreme Court granted the motion to dismiss for lack of subject matter jurisdiction on the strength of HX's assertion that its advertisers consisted "substantially" of national companies and on the basis of Next's allegation in its original, but withdrawn, counterclaim, that HX's business affected interstate commerce, a necessary predicate to Next's abandoned federal antitrust claims.

It was error for Supreme Court to dismiss the Donnelly Act counterclaims based upon the withdrawn federal antitrust allegations. As an initial matter, the only counterclaims before the court were those in defendant's *amended* answer; the withdrawn federal antitrust allegations in the original counterclaim had no relevance to the counterclaims that were the subject of the motion to dismiss. Moreover, pleading in the alternative is expressly permitted by the CPLR (*see* CPLR 3014, 3017; *Volt Sys. Dev. Corp. v Raytheon Co.,* 155 AD2d 309).

In addition, the court's determination that federal antitrust law ousted New York courts from jurisdiction over defendant's counterclaim, based upon HX's assertions that its advertising base consisted "substantially" of national advertisers, was erroneous. Even assuming that HX's assertion regarding its

advertisers is accurate and that interstate commerce is, therefore, implicated, those circumstances do not necessarily preclude the application of the Donnelly Act or the exercise of state court jurisdiction (*Leader Theatre Corp. v Randforce Amusement Corp.*, 186 Misc 280, *affd* 273 App Div 844). It is by now well established that states can enact and enforce, through their courts, legislation which affects interstate commerce "when such commerce has significant local consequences" (*id.*, 186 Misc at 283 [and cases cited therein]). Where the conduct complained of principally affects interstate commerce, with little or no impact on local or intrastate commerce, it is clear that federal antitrust laws operate to preempt the field and oust state courts of jurisdiction (*see, e.g., Beltone Elecs. Corp. v Selbst*, 1977 WL 18398 [Sup Ct, NY County, Aug. 19, 1977], *affd* 61 AD2d 966). However, federal law was not intended to, nor does it, displace state court jurisdiction over causes of action concerning conduct that is alleged to have a significant intrastate or local anticompetitive impact in violation of state antitrust law with minimal interstate consequences. "The question is whether 'the burden on interstate commerce outweighs the States' interests'" (*Beltone Elecs. Corp. v Selbst,* 1977 WL 18398, *1; *see also, Welch Co. v New Hampshire*, 306 US 79).

There are significant factual disputes in the present case that bear on the New York state courts' subject matter jurisdiction. For example, HX submitted an affidavit, which asserts that HX's advertising is national in scope and content, while Next countered with an affidavit, which contends that both publications' advertising and subject matter are principally directed to the New York metropolitan area. These factual disputes put into question the relative impact of the allegedly illegal conduct on local as opposed to interstate commerce, and, thus, whether the New York state courts could or could not properly exercise subject matter jurisdiction over the counterclaims. Given the factual disputes and the scant prediscovery evidentiary record, it was error for the court to conclude, as a matter of law, that it lacked subject matter jurisdiction.

In view of our disposition of the issue of Supreme Court's jurisdiction, we need not address the merits of the defendants' antitrust counterclaims. Concur—Nardelli, J.P., Tom, Buckley, Rosenberger and Ellerin, JJ.