■ PACIFIC CARLTON DEVELOPMENT CORP. et al., Appellants, v 752 PACIFIC, LLC, et al., Respondents. [878 NYS2d 421]—

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Harkavy, J.), dated September 19, 2007, as granted that branch of the motion of the defendants 752 Pacific, LLC, Pacific Street Park Corp., and Jeshayahu Boymelgreen which was to dismiss the complaint insofar as asserted against the defendant Jeshayahu Boymelgreen pursuant to CPLR 3211 (a) (1) and (7), granted that branch of the motion of the defendants AY 535 Carlton, LLC, Forest City Ratner Companies, Bruce C. Ratner, and Forest City Enterprises, Inc., which was to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and (7), and denied that branch of their cross motion which was pursuant to CPLR 3124 to compel discovery.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting that branch of the motion of the defendants 752 Pacific, LLC, Pacific Street Park Corp., and Jeshayahu Boymelgreen which was to dismiss the second cause of action alleging tortious interference with contract insofar as asserted against the defendant Jeshayahu Boymelgreen, and substituting therefor a provision denying that branch of the motion, and (2) by deleting the provision thereof granting that branch of the motion of the defendants AY 535 Carlton, LLC, Forest City Ratner Companies, Bruce C. Ratner, and Forest City Enterprises, Inc., which was to dismiss the second cause of action alleging tortious interference with contract insofar as asserted against them, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court properly granted that branch of the motion of the defendants AY 535 Carlton, LLC, Forest City Ratner Companies, Bruce C. Ratner, and Forest City Enterprises, Inc. (hereinafter collectively the Forest City defendants), which was to dismiss the first cause of action alleging breach of contract insofar as asserted against Ratner. Ratner was not a party to the contract alleged to have been breached. Accordingly, he cannot be bound by the contract (*see HDR, Inc. v International Aircraft Parts,* 257 AD2d 603, 604 [1999]; *National Survival Game of N.Y. v NSG of LI Corp.,* 169 AD2d 760 [1991]).

The Supreme Court correctly granted that branch of the motion of the defendants 752 Pacific, LLC, Pacific Street Park Corp., and Jeshayahu Boymelgreen which was to dismiss the first cause of action alleging breach of contract insofar as asserted against Boymelgreen. Boymelgreen's personal guarantee of the leases expired on the sixth anniversary of the commencement of the leases; thus, the guarantee expired on November 1, 2005, prior to the assignment of the leases without the plaintiffs' consents on March 1, 2006 (see generally Louis Dreyfus Energy Corp. v MG Ref. & Mktg., Inc., 2 NY3d 495 [2004]).

However, the court erred in granting those branches of the motions which were to dismiss the second cause of action alleging tortious interference with the leases insofar as asserted against Boymelgreen and the Forest City defendants. The elements of a claim of tortious interference with contractual relations are: (1) a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of that contract; (3) the defendant's intentional inducement of the third party to breach or otherwise render performance impossible; and (4) damages to the plaintiff resulting therefrom (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 424 [1996]). "[T]he degree of protection available to a plaintiff for a [defendant's] tortious interference with contract is defined by the nature of the plaintiff's enforceable legal rights. Thus, where there is an existing, enforceable contract and a defendant's deliberate interference results in a breach of that contract, a plaintiff may recover damages for tortious interference with contractual relations even if the defendant was engaged in lawful behavior" (Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr., 59 AD3d 473, 476 [2009], quoting NBT Bancorp v Fleet/Norstar Fin. Group, 87 NY2d 614, 621 [1996]).

On a motion to dismiss pursuant to CPLR 3211 (a) (7), the complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true (see Leon v Martinez, 84 NY2d 83, 87 [1994]). "Initially, the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Heffez v L & G Gen. Constr., Inc., 56 AD3d 526 [2008]; Matovcik v Times Beacon Record Newspapers, 46 AD3d 636, 637 [2007]; Gershon v Goldberg, 30 AD3d 372, 373 [2006]). Here, the complaint states a cause of action for tortious interference with the leases against the defendants AY 535 Carlton, LLC, Forest City Ratner Companies, and Forest

City Enterprises, Inc., as well as the individual defendants Boymelgreen and Ratner, notwithstanding that the individual defendants may have acted, in part, as corporate officers (*cf. Robbins v Panitz*, 61 NY2d 967, 969 [1984]; *AHA Sales, Inc. v Creative Bath Prods., Inc.*, 58 AD3d 6 [2008]; *BGW Dev. Corp. v Mount Kisco Lodge No. 1552 of Benevolent & Protective Order of Elks of U.S. of Am.*, 247 AD2d 565, 567 [1998]; *Gottehrer v Viet-Hoa Co.*, 170 AD2d 648, 649 [1991]).

The plaintiffs' remaining contentions are without merit. Fisher, J.P., Angiolillo, Dickerson and Belen, JJ., concur. [*See* 17 Misc 3d 1102(A), 2007 NY Slip Op 51800(U).]