[893 NYS2d 208]

Harry Wilner et al., Respondents, v Allstate Insurance Company, Appellant.

Second Department, January 12, 2010

## APPEARANCES OF COUNSEL

*Feldman, Rudy, Kirby & Farquharson, P.C.*, Westbury (*Bruce W. Farquharson* of counsel), for appellant.

*The Sullivan Law Group, LLP*, New York City (*Robert M. Sullivan, Suzanne M. Saia* and *Sara B. Feldman* of counsel), for respondents.

## OPINION OF THE COURT

DICKERSON, J.

## Proceedings

The plaintiffs commenced this action by summons and complaint dated September 11, 2007. In their complaint, the plaintiffs alleged that they bought a homeowner's insurance policy from the defendant, entitled the Allstate Deluxe Plus Homeowners' Policy, to insure the real property they owned in the Village of Roslyn. The policy was to be effective from April 19, 2005 through April 19, 2006. On or about October 8, 2005 a storm allegedly caused a hillside on the plaintiffs' property to collapse, destroyed their retaining wall, felled several trees, and caused other damage.

In the first cause of action, the plaintiffs alleged that the defendant breached the contract by refusing to pay the amounts due to them under the policy of insurance. In the second cause of action, the plaintiffs alleged that the defendant breached the contract in refusing to provide a defense to the plaintiffs after the Village instituted criminal proceedings against them for damage to village property which resulted from the collapse. In the third cause of action, the plaintiffs alleged that the defendant violated General Business Law § 349. Specifically, the plaintiffs alleged that a provision of the insurance policy required them to protect the defendant's subrogation interest by instituting an action against the Village before the statute of limitations expired. According to the plaintiffs, the defendant refused to reach a timely decision on coverage, thereby compelling the plaintiffs to comply with that provision and sue the Village at their own expense. The plaintiffs alleged that the defendant's actions "caused injury to Plaintiffs, and have the potential to harm the public at large" because every Allstate Deluxe Plus Homeowners' Policy contains the provision requir-

ing those insured to protect the defendant's right to subrogate. The plaintiffs sought, inter alia, actual damages on their General Business Law § 349 cause of action, punitive damages, and attorney's fees.

The defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the second and third causes of action and the plaintiffs' demand for punitive damages and attorney's fees. With regard to the third cause of action, the defendant argued that the plaintiffs failed to allege consumer-oriented conduct, that any act by the defendant was deceptive or misleading in a material way, and that they had been injured as a result of an allegedly deceptive act. In addition, the defendant asserted that the insurance policy did not require an insured to file a lawsuit against anyone, and no reasonable policy holder would conclude that it did. The defendant also claimed that attorney's fees and punitive damages were not recoverable under the circumstances.

The defendant submitted, among other items, a copy of its Deluxe Plus Homeowners' Policy. The language allegedly requiring the insured to protect the defendant's subrogation rights provided, in pertinent part,

> "When we pay for any loss, an insured person's right to recover from anyone else becomes ours up to the amount we have paid. An insured person must protect these rights and help us enforce them. You may waive your rights to recover against another person for loss involving the property covered by this policy. This waiver must be in writing prior to the date of loss."

The plaintiffs opposed the defendant's motion and cross-moved to compel the defendant to provide full unredacted versions of relevant computer notes, and documents and information pertaining to other claims filed under the Deluxe Plus Homeowners' Policy resulting from the October 2005 storm.

In an order entered October 7, 2008, the Supreme Court ordered the defendant to

> "produce *in camera* all property damage claims under the Allstate Deluxe Plus Homeowners Policy for damages resulting from a rain and/or wind storm which occurred on or about October 7, 2005 in Nassau County as well as all claims that resulted in litigation, such documents being limited to property damage claims between October 7, 2005 to January

7, 2007 in Nassau County only." (2008 NY Slip Op 33599[U].)

By order to show cause returnable December 8, 2008, the defendant, inter alia, sought leave to reargue, asserting, among other things, that the order went beyond the scope of the relief sought by the plaintiffs in their cross motion. The defendant claimed that the plaintiffs sought information regarding claims under the Deluxe Plus Homeowners' Policy, while the court's order compelled production of all property damage claims arising from the storm at issue. The defendant claimed that the requirements of the order were onerous.

In an order entered January 21, 2009, the Supreme Court, Nassau County (Winslow, J.), granted that branch of the defendant's motion which was to dismiss the second cause of action. The court denied those branches of the defendant's motion which were pursuant to CPLR 3211 (a) (7) to dismiss the third cause of action alleging a violation of General Business Law § 349, and to dismiss the demand for punitive damages and attorney's fees, stating that, "at this stage of the proceedings, it [could not] determine that Plaintiffs['] cause of action under [General Business Law] § 349 is insufficient as a matter of law." (*Wilner v Allstate Ins. Co.*, 2009 NY Slip Op 33211[U], *9.) The court granted the plaintiffs' cross motion to compel discovery.

## Discussion

In determining a motion to dismiss pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law a motion for dismissal will fail" (*Guggenheimer v Ginzburg,* 43 NY2d 268, 275 [1977]; *see Pacific Carlton Dev. Corp. v 752 Pac., LLC,* 62 AD3d 677, 679 [2009]). "[T]he complaint must be liberally construed in the light most favorable to the plaintiff and all allegations must be accepted as true" (*Pacific Carlton Dev. Corp. v 752 Pac., LLC,* 62 AD3d at 679; *see Leon v Martinez,* 84 NY2d 83, 87 [1994]). Affidavits may be received, and the court may freely consider them for the limited purpose of remedying any defects in the complaint (*see Leon v Martinez,* 84 NY2d at 88; *Fitzgerald v Federal Signal Corp.,* 63 AD3d 994, 995 [2009]).

General Business Law § 349

General Business Law § 349 prohibits deceptive and misleading business practices and its scope is broad indeed (*see Karlin v*

*IVF Am.,* 93 NY2d 282, 290-291 [1999], quoting NY Dept of Law, Mem to Governor, 1963 NY Legis Ann, at 105 [General Business Law § 349 "on (its) face appl(ies) to virtually all economic activity, and (its) application has been correspondingly broad. The reach of (this) statute( ) 'provide(s) needed authority to cope with the numerous, ever-changing types of false and deceptive business practices which plague consumers in our State' " (citations and footnote omitted)]; *see also Matter of Food Parade, Inc. v Office of Consumer Affairs of County of Nassau,* 7 NY3d 568, 574-575 [2006, Graffeo, J., dissenting] ["This Court has broadly construed general consumer protection laws to effectuate their remedial purposes, applying the state deceptive practices law to a full spectrum of consumer-oriented conduct, from the sale of 'vanishing premium' life insurance policies to the provision of infertility services . . . (i)n determining what types of conduct may be deceptive practices under state law, this Court has applied an objective standard which asks whether the 'representation or omission (was) likely to mislead a reasonable consumer acting reasonably under the circumstances,' taking into account not only the impact on the 'average consumer' but also on 'the vast multitude which the statutes were enacted to safeguard—including the ignorant, the unthinking and the credulous who, in making purchases, do not stop to analyze but are governed by appearances and general impressions' " (citations omitted)]; *Gaidon v Guardian Life Ins. Co. of Am.,* 96 NY2d 201, 210 [2001] [General Business Law § 349 "encompasses a significantly wider range of deceptive business practices that were never previously condemned by decisional law"]; *State of New York v Feldman,* 210 F Supp 2d 294, 301 [2002] [General Business Law § 349 "was intended to be broadly applicable, extending far beyond the reach of common law fraud"]).

The types of goods and services to which General Business Law § 349 applies is expansive. With regard to matters pertaining to insurance, it has been determined to apply to:

Coverage & Rates (*see Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d 330, 338 [1999] ["out-of-pocket premium payments (for life insurance policies) would vanish within a stated period of time"]; *Monter v Massachusetts Mut. Life Ins. Co.,* 12 AD3d 651 [2004] [allegations of misrepresentations concerning terms of flexible premium variable life insurance policies, and deception concerning marketing thereof]; *Beller v William Penn Life Ins. Co. of N.Y.,* 8 AD3d 310 [2004] [plaintiff stated General

Business Law § 349 cause of action by alleging that the defendant engaged in deceptive practices by increasing the cost of insurance rates without regard to certain flexible factors which would have required the raise to decrease]; *Skibinsky v State Farm Fire & Cas. Co.,* 6 AD3d 975 [2004] [allegations of intentional misrepresentation concerning coverage of a insurance policy provided to plaintiff]; *Brenkus v Metropolitan Life Ins. Co.,* 309 AD2d 1260 [2003] [amount of life insurance coverage]; *Batas v Prudential Ins. Co. of Am.,* 281 AD2d 260 [2001]; *Makastchian v Oxford Health Plans,* 270 AD2d 25 [2000] [allegations of deceptive practices that would cause subscribers to believe that they still had health insurance when coverage had already been cancelled]);

Provision of Defense Counsel (*see Elacqua v Physicians' Reciprocal Insurers,* 52 AD3d 886, 890 [2008] ["This threat of divided loyalty and conflict of interest between the insurer and the insured is the precise evil sought to be remedied . . . hence the requirement that independent counsel be provided at the expense of the insurer and that the insurer advise the insured of this right. Defendant's failure to inform plaintiffs of this right, together with plaintiffs' showing that undivided and uncompromised conflict-free representation was not provided to them, constitutes harm within the meaning of General Business Law § 349"]);

Claims Procedures (*see Shebar v Metropolitan Life Ins. Co.,* 25 AD3d 858 [2006] [allegations that "despite promises to the contrary in its standard-form policy sold to the public, defendant made practice of 'not investigating claims for long-term disability benefits in good faith, in a timely fashion, and in accordance with acceptable medical standards . . . when the person submitting the claim . . . is relatively young and suffers from a mental illness' "]; *Makuch v New York Cent. Mut. Fire Ins. Co.,* 12 AD3d 1110 [2004]; *Acquista v New York Life Ins. Co.,* 285 AD2d 73, 82 [2001] ["allegation that the insurer makes a practice of inordinately delaying and then denying a claim without reference to its viability, may be said to fall within the parameters of" an unfair or deceptive practice]; *Rubinoff v U.S. Capitol Ins. Co.,* NYLJ, May 10, 1996, at 31, col 3 [automobile insurance company fails to provide timely defense to insured as promised]).

Stating a Cognizable Claim

Stating a cause of action to recover damages for a violation of General Business Law § 349 is fairly straightforward and should

identify consumer-oriented misconduct which is deceptive and materially misleading to a reasonable consumer, and which causes actual damages (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 25 [1995]; *see also Stutman v Chemical Bank,* 95 NY2d 24, 29 [2000]; *Andre Strishak & Assoc. v Hewlett Packard Co.,* 300 AD2d 608 [2002]). Thus, "[t]o state a claim under [General Business Law § 349], a plaintiff must allege that the defendant has engaged 'in an act or practice that is deceptive or misleading in a material way and that plaintiff has been injured by reason thereof' " (*Small v Lorillard Tobacco Co.,* 94 NY2d 43, 55 [1999], quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d at 25). "Intent to defraud and justifiable reliance by the plaintiff are not elements of the statutory claim" (*Small v Lorillard Tobacco Co.,* 94 NY2d at 55). "However, proof that 'a material deceptive act or practice *caused actual, although not necessarily pecuniary harm*' is required to impose compensatory damages" (*id.* at 55-56; *see Baron v Pfizer, Inc.,* 42 AD3d 627, 629 ["Without further allegations that, for example, the price of the product was inflated as a result of defendant's deception or that use of the product adversely affected plaintiff's health, plaintiff's claim sets forth deception as both act and injury and, thus, contains no manifestation of either pecuniary or actual harm . . . (P)laintiff failed even to allege . . . that Neurontin was ineffective to treat her neck pain, and her claim that any off-label prescription . . . was potentially dangerous both asserts a harm that is merely speculative and is belied . . . by the fact that off-label use is a widespread and accepted medical practice" (citations and internal quotation marks omitted)]; *see also Ballas v Virgin Media, Inc.,* 18 Misc 3d 1106[A], 2007 NY Slip Op 52441[U] [2007], *affd* 60 AD3d 712 [2009] [Supreme Court dismissed General Business Law § 349 claim because the so-called "topping-up" requirements of the defendant's pay-by-the-minute cell phone plan were adequately disclosed in a "Terms of Service" booklet]; *Vigiletti v Sears, Roebuck & Co.,* Sup Ct, Westchester County, Sept. 23, 2005, Rudolph, J., index No. 2573/05, *affd* 42 AD3d 497 [2007] [plaintiffs failed to prove actual injury as a result of purchasing tools advertised as "Made in USA" but bearing indications that components thereof were manufactured elsewhere ("no allegations . . . that plaintiffs paid an inflated price for the tools . . . that tools purchased . . . were not made in the U.S.A. or were deceptively labeled or advertised as made in the U.S.A. or that the quality of the tools

purchased were of lesser quality than tools made in the U.S.A."), as well as causation ("plaintiffs have failed to allege that they saw any of these allegedly misleading statements before they purchased Craftsman tools"), territoriality ("no allegations that any transactions occurred in New York State"), and conduct which has a broad impact on consumers at large]). In connection with the character of General Business Law § 349 as a broad consumer protection statute and the requirements that the complained of conduct have a "broad impact on consumers at large," the statute does not apply to private contract disputes unique to the parties (*see Anesthesia Assoc. of Mount Kisco, LLP v Northern Westchester Hosp. Ctr.,* 59 AD3d 473, 480 [2009]; *Flax v Lincoln Natl. Life Ins. Co.,* 54 AD3d 992, 994-995 [2008]). General Business Law § 349 claims are governed by a three-year period of limitations (*see* CPLR 214 [2]; *State of New York v Daicel Chem. Indus., Ltd.,* 42 AD3d 301, 303 [2007]; *Beller v William Penn Life Ins. Co. of N.Y.,* 8 AD3d 310, 314 [2004]), "do[ ] not need to be based on an independent private right of action" (*Farino v Jiffy Lube Intl.,* 298 AD2d 553, 554 [2002]), and "the transaction in which the consumer is deceived must occur in New York" (*Goshen v Mutual Life Ins. Co. of N.Y.,* 98 NY2d 314, 324 [2002]). In determining that the transaction must occur in New York to state a cause of action under General Business Law § 349, the Court of Appeals rejected an alternate interpretation of the statute, declining to adopt an interpretation which would result in "tread[ing] on the ability of other states to regulate their own markets and enforce their own consumer protection laws" and could possibly result in "nationwide, if not global application" (*id.* at 325).

Consumer-Oriented Conduct

The defendant asserts that the alleged misconduct attributed to it is not consumer- oriented, but rather involves a private dispute (*see generally New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 320 [1995]; *Flax v Lincoln Natl. Life Ins. Co.,* 54 AD3d at 994-995; *Zawahir v Berkshire Life Ins. Co.,* 22 AD3d 841, 842 [2005]; *Berardino v Ochlan,* 2 AD3d 556, 557 [2003]; *Korn v First UNUM Life Ins. Co.,* 277 AD2d 355, 356 [2000]). However, where the conduct being complained of is not "a private contract dispute as to policy coverage" but instead "involve[s] an extensive marketing scheme that ha[s] 'a broader impact on consumers at large'" (*Gaidon v Guardian Life Ins. Co. of Am.,* 94 NY2d at 344, quoting *Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d at 25), the

courts will permit a cause of action pursuant to General Business Law § 349. Thus, in *Gaidon,* the Court of Appeals held that the plaintiffs' allegations stated a cause of action to recover for violation of General Business Law § 349, where the plaintiffs alleged that the defendants had marketed policies by giving misleading assurances that, after a certain amount of time, they would no longer have to pay insurance premiums. These promises of so-called "vanishing" premiums implicated "practices of a national scope that have generated industry-wide litigation" (*id.* at 342; *see also Beller v William Penn Life Ins. Co. of N.Y.,* 8 AD3d at 314 [complaint stated a General Business Law § 349 cause of action where the plaintiff alleged that the defendant had improperly raised insurance rates on its flexible premium life insurance policies because it had failed to consider factors such as improvements in mortality]; *Elacqua v Physicians' Reciprocal Insurers,* 52 AD3d at 888 [allegation that the defendant's practice of not informing its insureds that they had the right to choose an independent counsel stated a cause of action under General Business Law § 349 because it "was not an isolated incident, but a routine practice that affected many similarly situated insureds"]).

Here, the plaintiffs allege, in their third cause of action, that the insurance policy, which requires that they protect the defendant's subrogation interest while their claim is being investigated, compelled them to institute a suit against the Village before the statute of limitations expired. This provision, according to the plaintiffs, "in effect forces Plaintiffs to litigate a claim on Allstate's behalf if Allstate's investigation of the claim exceeds the statute of limitations."

■ The policy provision in question provides, in pertinent part, that, when the defendant "pay[s] for any loss, an insured person's right to recover from anyone else becomes [the defendant's] up to the amount . . . paid," and "[a]n insured person must protect these rights and help [the defendant] enforce them." The plaintiffs allege that this provision is not unique to the plaintiffs, but is contained in every Allstate Deluxe Plus Homeowners' Policy. Consequently, any consumer holding this policy, whose loss is potentially attributable to a third party, is required to protect the defendant's rights. Therefore, the conduct complained of has a "broad impact on consumers at large" and is thus consumer-oriented (*see New York Univ. v Continental Ins. Co.,* 87 NY2d at 320).

Misleading Acts

A plaintiff seeking to state a cause of action under General Business Law § 349 must plead that the challenged act or practice was " 'misleading in a material way' " (*Lonner v Simon Prop. Group, Inc.*, 57 AD3d 100, 110 [2008], quoting *Singh v Queens Ledger Newspaper Group*, 2 AD3d 703, 704 [2003]). Whether a representation or an omission, the test is whether the allegedly deceptive practice is "likely to mislead a reasonable consumer acting reasonably under the circumstances" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26; *see Andre Strishak & Assoc., P.C. v Hewlett Packard Co.*, 300 AD2d at 609). "Such a test . . . may be determined as a matter of law or fact (as individual cases require)" (*Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26).

Here, the plaintiffs allege that the defendant "has engaged in deceptive acts and practices in violation of General Business Law § 349 of New York by refusing to reach a timely decision on coverage, thereby compelling Plaintiffs to comply with the provision . . . which requires Plaintiffs to protect" the defendant's interests. According to the plaintiffs, the defendant's failure to reach a timely decision is "part of a pattern and practice by [the defendant] to force claimants to litigate its claims and incur the costs and expense of hiring an attorney to prevent forfeiture of coverage for a covered loss under the Allstate Deluxe Plus Homeowners Policy of insurance."

In essence, the plaintiffs are alleging that the defendant purposely failed to reach a decision on the merits of their insurance claim in order to force the plaintiffs to bring a suit against the Village before the statute of limitations expired, because, if they did not do so, the defendant could refuse reimbursement of the claim on the ground that the plaintiffs had failed to protect the defendant's subrogation rights (*see e.g. Zourelias v Erie Ins. Group*, 456 Pa Super 775, 601 A2d 963 [1997]). Presumably, the purpose of this alleged conduct would be to save the defendant money; if the plaintiffs initiate the suit, the plaintiffs have to pay for it, whereas if the defendant initiates its own suit, the cost will fall upon the defendant. Accepting the plaintiffs' allegations as true (*see Leon v Martinez*, 84 NY2d at 87; *Pacific Carlton Dev. Corp. v 752 Pac., LLC*, 62 AD3d at 679), the plaintiffs have successfully pleaded conduct on the part of the defendant which was misleading in a material way.

## Reasonableness as a Question of Fact

■ The defendant argues that no reasonable consumer acting reasonably would interpret the subrogation language to mean that the consumer is required to file a lawsuit against an alleged tortfeasor. The language of the subrogation provision is ambiguous, in that it does not explain how the insured is to "protect [the defendant's] rights and help [the defendant] enforce them." The Court of Appeals has stated that whether a deceptive practice is likely to mislead a reasonable consumer acting reasonably may be determined as either a question of law or fact, depending upon the circumstances (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d at 26). Under the circumstances of this case, the reasonableness of the plaintiffs' belief as to their responsibilities under the contract of insurance is a question of fact, and should be determined by the factfinder (*see Herold v East Coast Scaffolding*, 208 AD2d 592 [1994] ["An insured's good faith belief in nonliability, when reasonable under the circumstances, may excuse a delay in notifying his insurer of an 'occurrence'. Whether such a belief was, in fact, reasonable, is ordinarily a question of fact"]; *G.L.G. Contr. Corp. v Aetna Cas. & Sur. Co.*, 215 AD2d 821, 822-823 [1995] ["this case is governed by the general rule that the reasonableness of an insured's belief of nonliability is ordinarily an issue of fact and not one of law. While defendant argues, in essence, that plaintiff's purported belief of nonliability is not credible, we note that credibility issues are reserved for the trier of fact to resolve" (citations omitted)]; *Argentina v Otsego Mut. Fire Ins. Co.*, 207 AD2d 816 [1994], *affd* 86 NY2d 748 [1995]; *Winstead v Uniondale Union Free School Dist.*, 170 AD2d 500, 503 [1991]).

## Injury

■ The plaintiffs must, of course, allege an injury as a result of the deceptive act or practice (*see Stutman v Chemical Bank*, 95 NY2d at 29). Here, the plaintiffs allege that, as a result of the defendant's conduct, they were forced to "incur the costs and expense of hiring an attorney to prevent forfeiture of coverage for a covered loss." The defendant argues that the plaintiffs have not suffered any injury, since, if it had issued a denial prior to the expiration of the statute of limitations, the plaintiffs would have been in the exact same position as they now occupy—having to commence and pay for their own action against the Village. Whether the plaintiffs would have commenced the action against the Village if they had received an earlier denial

is a question of fact, and must be determined by the factfinder. The plaintiffs alleged that they were forced to pay for an attorney, and thus adequately pleaded damages under General Business Law § 349.

## General Business Law § 349 Cause of Action Sufficiently Stated

Accordingly, based on the foregoing, we find that, contrary to the defendant's contention, the plaintiffs' allegations are sufficient to state a cause of action pursuant to General Business Law § 349. Thus, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the third cause of action.

## Recoverable Damages

Under General Business Law § 349 consumers may recover actual damages in any amount, and may recover treble damages under General Business Law § 349 (h) up to $1,000 (see *Teller v Bill Hayes, Ltd.,* 213 AD2d 141, 147 [1995]; *Hart v Moore,* 155 Misc 2d 203, 207 [1992]). Moreover, the plaintiffs may seek both treble damages and punitive damages (see *Volt Sys. Dev. Corp. v Raytheon Co.,* 155 AD2d 309, 309 [1989]; *Bianchi v Hood,* 128 AD2d 1007 [1987]).

## Punitive Damages

■ "An award of punitive damages is warranted where the conduct of the party being held liable 'evidences a high degree of moral culpability, or where the conduct is so flagrant as to transcend mere carelessness, or where the conduct constitutes willful or wanton negligence or recklessness' " (*Pellegrini v Richmond County Ambulance Serv., Inc.,* 48 AD3d 436, 437 [2008], quoting *Buckholz v Maple Garden Apts., LLC,* 38 AD3d 584, 585 [2007]). Initially, it should be noted that the plaintiffs do not seek punitive damages on their breach of contract claim, but only on their claim under General Business Law § 349. Under that claim, they allege that the defendant intentionally did not reach a final decision on their claim, so as to force them to commence a suit against the Village. If that is true, and for purposes of a CPLR 3211 (a) (7) motion to dismiss, "all allegations must be accepted as true" (*Pacific Carlton Dev. Corp. v 752 Pac., LLC,* 62 AD3d at 679; see *Leon v Martinez,* 84 NY2d at 87), such conduct may be considered to be " 'so flagrant as to transcend mere carelessness' " (*Pellegrini v Richmond County Ambulance Serv., Inc.,* 48 AD3d at 437, quoting *Buckholz v Maple Garden Apts., LLC,* 38 AD3d at 585). Consequently, the plaintiffs' claim for punitive damages should not be dismissed.

## Attorney's Fees

The defendant argues that attorney's fees are not available for disputes between insurers and the insured, but it concedes that, under General Business Law § 349, the court has the discretion to award attorney's fees. The plaintiffs only seek attorney's fees on their General Business Law § 349 claim. Since General Business Law § 349 (h) provides that the court has the discretion to award reasonable attorney's fees, the plaintiffs' request for attorney's fees should not be dismissed.

## Discovery

■ With regard to their cross motion, the plaintiffs are correct that, since the defendant's objections to their discovery demands were not served within 20 days of service, as required by CPLR 3122 (a), this Court's review " 'is limited to determining whether the requested material is privileged under CPLR 3101 or the demand is palpably improper' " (*Coville v Ryder Truck Rental, Inc.*, 30 AD3d 744, 745 [2006], quoting *McMahon v Aviette Agency*, 301 AD2d 820, 821 [2003]). The defendant states that the information sought is likely to contain privileged information. However, this conclusory statement is insufficient to establish that the information sought is, in fact, privileged. Moreover, there is nothing "palpably improper" about the plaintiffs' demand. Here, the court has already narrowed the plaintiffs' request and ordered the defendant to produce documents relating to 375 claims made in connection with the October 2005 storm.

The defendant argues that it was improper for the court to allow discovery to bolster what is otherwise an insufficient cause of action. However, as discussed above, the cause of action was sufficiently pleaded. The information sought, regarding claims the defendant has handled for other insureds, relates to the plaintiffs' attempt to establish that the defendant has engaged in a pattern of deception, and, thus, the request is proper (*see Gillen v Utica First Ins. Co.*, 41 AD3d 647, 647 [2007] [information sought "was relevant to the plaintiff's cause of action alleging a violation of General Business Law § 349"]).

The defendant also argues that the plaintiffs should be compelled to pay for the discovery. However, this contention was improperly raised for the first time on appeal and thus is not properly before this Court (*see Reyes v Albertson*, 62 AD3d 855 [2009]).

## Conclusion

Accordingly, the order is affirmed insofar as appealed from.

RIVERA, J.P., FLORIO and AUSTIN, JJ., concur.

Ordered that the order is affirmed insofar as appealed from, with costs.