■ EILEEN M. CUNNINGHAM, Respondent, v SECURITY MUTUAL INSURANCE COMPANY, Appellant. [689 NYS2d 290] —Peters, J. Appeal from an order of the Supreme Court (Rumsey, J.), entered November 6, 1998 in Tompkins County, which, *inter alia*, denied defendant's motion to dismiss certain of plaintiff's claims and granted plaintiff's cross motion to compel discovery responses.

On January 19, 1997, a fire destroyed plaintiff's home and its contents. Plaintiff alleges that she gave defendant timely notice as required by her policy of insurance, provided two sworn statements concerning proof of loss as requested by defendant and submitted to an examination under oath in support of her claim. Plaintiff was notified by letter dated March 11, 1998 that her claim was denied based upon defendant's independent investigation.

Plaintiff commenced this action to recover amounts owing on the insurance policy, alleging causes of action for breach of contract, intentional infliction of emotional distress and the bad-faith denial of a claim. Defendant's answer included numerous affirmative defenses, including culpable conduct, arson and false swearing. Thereafter, plaintiff served a demand for a bill of particulars and her first of two demands for the production of documents, to which it is contended that defendant failed to adequately respond.

In August 1998, defendant moved for dismissal of plaintiff's second and third causes of action alleging intentional infliction

of emotional distress and the bad-faith denial of a claim, respectively, on the ground that they failed to state a cause of action. It also sought to strike those portions of the complaint which sought certain compensatory damages, punitive damages and counsel fees. Plaintiff cross-moved for judgment on the contract claim and for an order compelling responses to her outstanding discovery demands. Supreme Court denied defendant's motion in its entirety and granted that portion of plaintiff's cross motion which sought to compel responses. Defendant appeals.

Acknowledging that our review mandates that we afford the pleading a liberal construction, with the benefit of all favorable inferences to be accorded to plaintiff (*see, Leon v Martinez*, 84 NY2d 83), we note that the claim for emotional distress is premised upon defendant's failure to timely compensate plaintiff, leaving her without a home, adequate possessions or funds for living expenses for over a year. These facts, she contends, coupled with the accusation that she committed arson and submitted false statements under oath, constitute the prima facie tort of intentional infliction of emotional distress. We disagree.

Upon our review of the contract of insurance, we do not find a relationship out of which "springs a duty to the plaintiff separate and apart from the contractual obligation" (*Warhoftig v Allstate Ins. Co.*, 199 AD2d 258, 259). As to the ability of these allegations to give rise to a separate and distinct duty owed by defendant apart from the relationship as insurer/insured, we again find the allegations insufficient (*see, Fischer v Maloney*, 43 NY2d 553, 557; *Luciano v Handcock*, 78 AD2d 943, 944), warranting the dismissal of the claim as well as plaintiff's request for compensatory damages resulting therefrom.

Addressing whether the claim for punitive damages should have also been dismissed, we note that plaintiff acknowledges that punitive damages are not recoverable for a breach of contract (*see, Rocanova v Equitable Life Assur. Socy.*, 83 NY2d 603, 613). Instead, plaintiff contends that defendant's conduct indicates "the egregious tortious conduct" to which she was subjected and that "its pattern of similar handling of other claims evidences a wanton dishonesty in the defendant's dealings with its insured and implies defendant's criminal indifference to its civil obligations".

Relying upon *Rocanova v Equitable Life Assur. Socy.* (*supra*) and the pleading requirements detailed therein, we find that, even accepting all of plaintiff's allegations as true, the wrong alleged does not constitute an independent tort, "morally culp-

able [behavior], or * * * [that] actuated by evil and reprehensible motives" (*Walker v Sheldon*, 10 NY2d 401, 404). Even assuming that such conduct could be found and had been directed to plaintiff, we still could find no showing indicating that it "was part of a pattern of similar conduct directed at the public generally" (*Rocanova v Equitable Life Assur. Socy., supra*, at 613; *see, New York Univ. v Continental Ins. Co.*, 87 NY2d 308). As the standard, in cases of this kind, is deemed to be " 'a strict one' " (*Rocanova v Equitable Life Assur. Socy., supra*, at 613, quoting *Cohen v New York Prop. Ins. Underwriting Assn.*, 65 AD2d 71, 79), the allegations detailing the unfair claim settlement practices, standing by themselves, are insufficient (*see, Rocanova v Equitable Life Assur. Socy., supra*; *Sweazey v Merchants Mut. Ins. Co*, 169 AD2d 43, *lv dismissed* 78 NY2d 1072), even if willful and without justification (*see, id.*; *see also, Tate v Metropolitan Life Ins. Co.*, 186 AD2d 859; *Porter v Allstate Ins. Co.*, 184 AD2d 685; *O'Dell v New York Prop. Ins. Underwriting Assn.*, 145 AD2d 791).

Finally, as an insured has no right to recover counsel fees in connection with an action alleging a breach of contract (*see, New York Univ. v Continental Ins. Co., supra*, at 324), this claim should have been similarly stricken.

Accordingly, we hereby modify Supreme Court's order by reversing so much thereof as denied that part of defendant's motion seeking dismissal of the second and third causes of action and the claims for punitive damages and counsel fees. We also reverse so much of Supreme Court's order as granted plaintiff's cross motion and remit the matter to Supreme Court to reassess the cross motion to compel responses to outstanding discovery demands in light of our modification.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as (1) denied defendant's motion to dismiss the second and third causes of action of the complaint and to strike those portions of the complaint seeking punitive damages and counsel fees, and (2) granted plaintiff's cross motion; motion granted to the extent of dismissing the second and third causes of action of the complaint and those portions thereof seeking punitive damages and counsel fees, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision on plaintiff's cross motion; and, as so modified, affirmed.