■ BARINGTON CAPITAL GROUP, L.P., Appellant, v JOSEPH ARSENAULT, Respondent. [721 NYS2d 58] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered October 20, 1999, which, *inter alia*, granted defendant's cross motion to dismiss the complaint for lack of personal jurisdiction, unanimously affirmed, with costs.

Even if it were so, as plaintiff alleges, that defendant, a California domiciliary, made five phone calls over the course of three days to plaintiff's office in New York to place orders for the purchase of stock, such activity would not be sufficient to support an exercise of personal jurisdiction by the courts of this State over defendant. We have previously held phone calls of the sort here alleged by plaintiff do not constitute purposeful activity within the State sufficient to confer personal jurisdiction over the out-of-State caller (*see, L. F. Rothschild, Unterberg, Towbin v McTamney*, 89 AD2d 540, *affd* 59 NY2d 651). There is no basis for plaintiff's contention that its employee, Gaydos, in taking defendant's stock purchase order over the phone, became defendant's agent within New York for jurisdictional purposes under CPLR 302 (a) (1) (*id.*). Also unavailing is plaintiff's contention that defendant, by contracting for the purchase of stock for which he did not intend to pay, committed a tort so as to support an exercise of personal jurisdiction over him pursuant to CPLR 302 (a) (3). Plaintiff, at best, has alleged defendant's breach of a stock purchase agreement; the mere additional allegation that defendant did not intend to honor the agreement is insufficient to convert the breach of contract claim into one for fraud (*see, Comtomark v Satellite*

*Communications Network*, 116 AD2d 499) so as to satisfy the "tortious act" requirement of CPLR 302 (a) (3) (*see, Amigo Foods Corp. v Marine Midland Bank-New York*, 39 NY2d 391, 396). Concur—Rosenberger, J. P., Andrias, Wallach, Rubin and Buckley, JJ.