■ MICHAEL JOANNOU et al., Respondents, v BLUE RIDGE INSURANCE COMPANY et al., Appellants. (And a Third-Party Action.) [735 NYS2d 786] —In an action to recover damages for breach of contract and violation of General Business Law § 349, the defendants appeal from an order of the Supreme Court, Suffolk County (Berler, J.), entered December 22, 2000, which denied their motion pursuant to CPLR 3211 (a) (7) to dismiss

the second cause of action alleging a violation of General Business Law § 349, and to strike the plaintiffs' demand for an award of an attorney's fee, with leave to renew after completion of discovery.

Ordered that the order is affirmed, without costs or disbursements.

The defendants, Blue Ridge Insurance Company and Vanguard Insurance Company, issued what was allegedly a standard policy insuring the plaintiffs' real property. The subject property subsequently sustained water damage. The plaintiffs commenced this action to recover living expenses incurred as a result of the water damage, which they claim are payable pursuant to the policy provisions. In their second cause of action, the plaintiffs allege that the defendants' refusal to pay their claim was intentional and willful, and constituted a deceptive business practice in violation of General Business Law § 349.

After issue was joined, the defendants moved pursuant to CPLR 3211 (a) (7) to dismiss the second cause of action and the plaintiffs' demand for an attorney's fee. In support of their motion, they alleged (1) there was no private right of action under General Business Law § 349, and (2) the plaintiffs failed to meet the "strict pleading requirements necessary to sustain a cause of action" under that provision.

The Supreme Court, in the order appealed from, denied the motion with leave to renew after the completion of discovery.

An insurance carrier's failure to pay benefits allegedly due its insured under the terms of a standard insurance policy can constitute a violation of General Business Law § 349 (*see, Scavo v Allstate Ins. Co.,* 238 AD2d 571; *cf., New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 320-321). The strict pleading requirements for causes of action sounding in common-law fraud (*see,* CPLR 3016) do not apply to causes of action sounding in violation of General Business Law § 349 (*see,* CPLR 3016; *Scavo v Allstate Ins. Co., supra; McGill v General Motors Corp.,* 231 AD2d 449). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.