■ Jodie Skibinsky, Respondent, v State Farm Fire and Casualty Company et al., Appellants. [775 NYS2d 200]—

Carpinello, J. Appeal from an order of the Supreme Court (Canfield, J.), entered March 24, 2003 in Rensselaer County, which denied defendants' motion to dismiss certain causes of action in the complaint.

Around January 2000, plaintiff contacted defendant Thomas B. Clarke Insurance Agency, Inc. (hereinafter Clarke Agency) to obtain a "builder's risk" policy insuring against faulty construction in a new home she was about to have built. According to plaintiff, the Clarke Agency represented to her that it obtained the requested coverage from defendant State Farm Fire and Casualty Company, although she was not immediately provided with a copy of the policy.* There is record evidence that after plaintiff paid a contractor almost $600,000, the job was abandoned, leaving an unfinished house that was little more than a shell. Further, an inspection of the premises detailed numerous construction defects so serious as to undermine the home's structural integrity.

Plaintiff alleges that after making a claim under what she thought was her "builder's risk" policy, she discovered that she had been issued a standard-form homeowner's policy which did not provide coverage for faulty construction. Claiming that she would have had insurance coverage for these defects but for defendants' deceptive conduct, plaintiff commenced this action asserting numerous claims, including violations of General Business Law § 349. She seeks damages which include punitive damages and counsel fees. Defendants moved to dismiss certain claims for failure to state a cause of action (see CPLR 3211 [a] [7]). At issue on appeal is that part of an order of Supreme Court declining to dismiss the General Business Law claims, as well as those seeking punitive damages and counsel fees. We affirm.

---

* It is undisputed that the Clarke Agency is an authorized State Farm agent.

It is well settled that on a motion to dismiss for failure to state a claim, the court "must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory" (*1455 Washington Ave. Assoc. v Rose & Kiernan,* 260 AD2d 770, 771 [1999]). The gist of defendants' argument here is that plaintiff's General Business Law § 349 claims cannot be sustained since the gravamen of her allegations concern a private breach of contract dispute. Defendants view plaintiff's complaint too narrowly.

Plaintiff has alleged that defendants intentionally misrepresented to her, and to other members of the public generally, the nature of coverage that was being provided. Specifically, she alleges that they engaged in a "recurring pattern" of selling homeowner's policies to consumers seeking more inclusive "builder's risk" policies. At this early prediscovery phase, these allegations sufficiently plead violations of General Business Law § 349 (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank,* 85 NY2d 20, 26-27 [1995]). The battle over whether plaintiff can meet her obligation of a "threshold showing that [her] claim was predicated upon a deceptive act or practice that was consumer oriented" is best reserved for a motion for summary judgment after discovery (*Egan v New York Care Plus Ins. Co.,* 277 AD2d 652, 653 [2000]).

Finally, we reject defendants' argument that claims for punitive damages and counsel fees must be dismissed. Contrary to defendants' contentions, this case is not analogous to the purely private dispute between a major university and its insurance company over a complex policy which had been tailored to meet the specific needs of the university (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 321 [1995]). Plaintiff has alleged a pattern of deceptive conduct by defendants involving the sale of lesser policies than those requested by members of the public while at the same time representing that the desired coverage has been provided. Thus, plaintiff's claims of punitive damages and counsel fees must, at least at this juncture, survive. If proven, these allegations would certainly constitute a "fraud upon the public" (*Walker v Sheldon,* 10 NY2d 401, 406 [1961]).

Mercure, J.P., Crew III, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.