■ MARION J. MAKUCH et al., Respondents, v NEW YORK CENTRAL MUTUAL FIRE INSURANCE COMPANY, Appellant. [785 NYS2d 236]—

Appeal from an order of the Supreme Court, Erie County (Salvatore R. Martoche, J.), entered March 10, 2004. The order denied defendant's motion to dismiss the third and fourth causes of action including any claims for punitive damages.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the third cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action for a declaratory judgment and damages alleging breach of contract, breach

of duty of good faith, and the violation of General Business Law § 349 after defendant partially disclaimed coverage under a homeowner's policy for damage caused when a falling tree struck plaintiffs' home. In lieu of an answer, defendant moved to dismiss the third and fourth causes of action, for breach of duty of good faith and the violation of section 349, respectively, including any claims for punitive damages. Supreme Court erred in denying that part of defendant's motion seeking to dismiss the third cause of action. Even giving the amended complaint a liberal construction and accepting the facts alleged therein as true (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see also Guggenheimer v Ginzburg*, 43 NY2d 268, 274-275 [1977]), we conclude that the amended complaint fails to state a tort independent of the parties' contractual obligations (*see New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 316 [1995]). At most, plaintiffs allege that defendant induced them to enter into a contract that defendant did not intend to honor; such allegations do not state a cause of action in fraud (*see 767 Third Ave. LLC v Greble & Finger, LLP*, 8 AD3d 75, 76 [2004]; *Barington Capital Group v Arsenault*, 281 AD2d 166, 166-167 [2001]; *Bronx Store Equip. Co. v Westbury Brooklyn Assoc.*, 280 AD2d 352 [2001]). Allegations that defendant violated "the implicit contractual duties of good faith and fair dealing" are not sufficient to state a "violation of a duty independent of the contract" (*Scavo v Allstate Ins. Co.*, 238 AD2d 571, 572 [1997]; *see New York Univ.*, 87 NY2d at 319-320). We therefore modify the order by granting defendant's motion in part and dismissing the third cause of action.

The court properly denied that part of defendant's motion seeking dismissal of the fourth cause of action. Plaintiffs have set forth sufficient factual allegations that defendant's conduct was consumer-oriented, that the conduct was misleading in a material way, and that plaintiffs suffered injury as a result of the deceptive acts (*see Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25 [1995]). In particular, the allegations that the forms making up plaintiffs' insurance policy are standard and regularly used by defendant are sufficient to support the allegation that defendant's actions are consumer-oriented (*see Acquista v New York Life Ins. Co.*, 285 AD2d 73, 82-83 [2001]; *cf. New York Univ.*, 87 NY2d at 321). We thus conclude that, "[a]t this early prediscovery phase, these allegations sufficiently plead violations of General Business Law § 349" (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004]). Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.