Mathew Shebar, Respondent, v Metropolitan Life Insurance Company, Appellant. [807 NYS2d 448]—

Mercure, J.P. Appeal from an order of the Supreme Court (McCarthy, J.), entered February 17, 2005 in Albany County, which denied defendant's motion to dismiss the second cause of action.

Plaintiff was employed by the Office of the Comptroller (hereinafter the state) as the Director of Retirement Information and Outreach for New York State and Local Retirement Systems from 1993 through 2002. During that time, the state made available to certain employees, including plaintiff, short and long-term disability insurance. These insurance benefits were provided by defendant.

In 2002, plaintiff's doctor advised the state that plaintiff was no longer able to perform his job and required a medical leave of absence due to depression. Plaintiff submitted a claim to defendant for short-term disability benefits and received those benefits for the available six-month period. Upon expiration of the short-term benefits, plaintiff submitted a claim for long-term disability benefits, and received those benefits until July 2003, when the benefits were terminated upon notification from defendant. After defendant denied plaintiff's request that it reconsider its termination of his benefits, plaintiff commenced this action alleging breach of contract and that defendant engaged in deceptive acts or business practices in violation of General Business Law § 349. Thereafter, defendant moved pursuant to CPLR 3211 (a) (7) to dismiss the General Business Law § 349 claim for failure to state a cause of action. Supreme Court denied the motion and defendant now appeals.

We affirm. In his complaint, plaintiff alleged that despite promises to the contrary in its standard-form policy sold to the public, defendant made a practice of "not investigating claims for long-term disability benefits in good faith, in a timely fashion, and in accordance with acceptable medical standards . . . when the person submitting the claim . . . is relatively young and suffers from a mental illness." Defendant contends that these allegations do not sufficiently identify consumer-oriented conduct within the meaning of General Business Law § 349 and, as such, plaintiff's claim amounts to nothing more

than a private contract dispute (*see generally Oswego Laborers' Local 214 Pension Fund v Marine Midland Bank*, 85 NY2d 20, 25-27 [1995]). We disagree.

"[O]n a motion to dismiss for failure to state a claim, the court 'must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory' " (*Skibinsky v State Farm Fire & Cas. Co.*, 6 AD3d 975, 976 [2004], quoting *1455 Washington Ave. Assoc. v Rose & Kiernan*, 260 AD2d 770, 771 [1999]). While factual allegations that are conclusory, vague or inherently incredible are not sufficient (*see Matter of Niagara Mohawk Power Corp. v State of New York*, 300 AD2d 949, 952 [2002]), plaintiff alleged a specific deceptive practice on the part of defendant, directed at members of the public generally who purchased its standard-form policy, that amounted to a misrepresentation of the nature of the coverage being provided. Contrary to defendant's argument, these allegations are not limited to a challenge regarding coverage made on the basis of facts unique to this insured plaintiff, but relate to consumer-oriented conduct affecting the public at large (*see Makuch v New York Cent. Mut. Fire Ins. Co.*, 12 AD3d 1110, 1111 [2004]; *Joannou v Blue Ridge Ins. Co.*, 289 AD2d 531, 532 [2001]; *cf. Goldblatt v MetLife, Inc.*, 306 AD2d 217, 217 [2003]; *Security Mut. Life Ins. Co. of N.Y. v DiPasquale*, 283 AD2d 182, 182 [2001], *lvs dismissed* 97 NY2d 653 [2001], 97 NY2d 700 [2002]). Inasmuch as plaintiff asserts that this consumer-oriented conduct was deceptive, material and caused him injury, we conclude that "[a]t this early prediscovery phase, these allegations sufficiently plead violations of General Business Law § 349" (*Skibinsky v State Farm Fire & Cas. Co.*, supra at 976; *see Makuch v New York Cent. Mut. Fire Ins. Co.*, supra at 1111; *Acquista v New York Life Ins. Co.*, 285 AD2d 73, 82-83 [2001]; *cf. Soule v Norton*, 299 AD2d 827, 829 [2002]; *Walsh v Liberty Mut. Ins. Co.*, 289 AD2d 842, 843-844 [2001]). Accordingly, Supreme Court properly denied defendant's motion to dismiss plaintiff's General Business Law § 349 claim, as well as plaintiff's claim for counsel fees, at this juncture (*see* General Business Law § 349 [h]; *Skibinsky v State Farm Fire & Cas. Co.*, supra at 976).

Peters, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, without costs.