# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**1400**
**CA 13-00881**
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND VALENTINO, JJ.

TRA-LIN CORPORATION, DOING BUSINESS AS SAMSON
FUEL AND TRUCKING, PLAINTIFF-RESPONDENT,

V                                                              MEMORANDUM AND ORDER

EMPIRE BEEF CO., INC., DEFENDANT,
STEVEN H. LEVINE AND LORI LEVINE,
DEFENDANTS-APPELLANTS.

CULLEY, MARKS, TANENBAUM & PEZZULO LLP, ROCHESTER (AMY L. DIFRANCO OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

MANGIONE & ASSOCIATES, P.C., ROCHESTER (RANDALL D. HILDERBRANDT OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Matthew
A. Rosenbaum, J.), entered August 16, 2012. The order denied the
motion of defendants Steven H. Levine and Lori Levine seeking, inter
alia, to dismiss the amended complaint against them.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is granted
and the amended complaint is dismissed against defendants Steven H.
Levine and Lori Levine.

Memorandum: Plaintiff commenced this action asserting causes of
action for, inter alia, breach of contract and fraud against defendant
Empire Beef Co., Inc. (Empire) and a single cause of action for fraud
against Steven H. Levine and Lori Levine (defendants), after Empire
rescinded payment for fuel deliveries made by plaintiff to Empire.
Supreme Court erred in denying defendants' motion seeking, inter alia,
to dismiss the amended complaint against them pursuant to CPLR 3211
(a) (7), for failure to state a cause of action. Even affording the
cause of action for fraud against defendants a liberal construction
and accepting the facts alleged as true (*see Leon v Martinez*, 84 NY2d
83, 87-88), we conclude that plaintiff alleges therein only that
defendants, as corporate officers, knew of or participated in Empire's
decision to induce plaintiff to enter into a contract that Empire did
not intend to honor, and "such allegations do not state a cause of
action [for] fraud" (*Makuch v New York Cent. Mut. Fire Ins. Co.*, 12
AD3d 1110, 1111). The alleged fraudulent representation was directly
related to and contained within a specific provision of the contract,
and "[i]t is well settled that a cause of action to recover damages
for fraud may not be maintained when the only fraud charged relates to

a breach of contract" (*Alamo Contract Bldrs. v CTF Hotel Co.*, 242 AD2d 643, 644).