Rumsey, J. Appeal from an order of the Supreme Court (Fer-reira, J.), entered April 11, 2016 in Albany County, which partially granted defendant’s motion to partially dismiss the complaint. Plaintiff alleged that she became permanently disabled as a result of injuries that she sustained in an automobile accident in March 2012. Following an independent medical examination (hereinafter IME), defendant denied no-fault insurance benefits on the basis that plaintiff’s injuries were preexisting and were not causally related to the accident. In December 2014, plaintiff commenced this action asserting causes of action for breach of contract, violation of General Business Law §§ 349 and 350 and intentional infliction of emotional distress, based on allegations that defendant pressured the physicians that it employed to conduct IMEs to attribute injuries to preexisting conditions and thereby facilitate the denial of claims, and seeking, among other relief, damages for emotional distress and punitive damages. In October 2015, defendant moved to dismiss the second and third causes of action—for violation of General Business Law §§ 349 and 350 and intentional infliction of emotional distress, respectively—and plaintiff’s claims for consequential damages, emotional distress damages and punitive damages. Supreme Court partially granted defendant’s motion by dismissing the second and third causes of action and plaintiff’s claims for emotional distress damages and punitive damages, but held that plaintiff had adequately stated a claim for consequential damages for economic loss and pain and suffering. Plaintiff now appeals.[1] “On a motion to dismiss for failure to state a claim, the court must afford the complaint a liberal construction, accept as true the allegations contained therein, accord the plaintiff the benefit of every favorable inference and determine only whether the facts alleged fit within any cognizable legal theory” (Shebar v Metropolitan Life Ins. Co., 25 AD3d 858, 859 [2006] [internal quotation marks, brackets and citations omitted]). “A cause of action to recover damages pursuant to General Business Law § 349 has three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act” (Benetech, Inc. v Omni Fin. Group, Inc., 116 AD3d 1190, 1190 [2014] [internal quotation marks and citations omitted], lv denied 23 NY3d 909 [2014]). In that regard, allegations that an insurer engaged in a practice of failing to investigate claims in good faith, or of denying claims without regard to their viability, are sufficient to state a cognizable claim for deceptive practices pursuant to General Business Law § 349 (see Ural v Encompass Ins. Co. of Am., 97 AD3d 562, 564-565 [2012]; Shebar v Metropolitan Life Ins. Co., 25 AD3d at 858-859; Joannou v Blue Ridge Ins. Co., 289 AD2d 531, 532 [2001]; Acquista v New York Life Ins. Co., 285 AD2d 73, 78, 82 [2001]). Moreover, “[t]he battle over whether [a] plaintiff can meet [his or] her obligation of a threshold showing that [his or] her claim was predicated upon a deceptive act or practice that was consumer oriented is best reserved for a motion for summary judgment after discovery” (Skibinsky v State Farm Fire & Cas. Co., 6 AD3d 975, 976 [2004] [internal quotation marks and citations omitted]). In her complaint, plaintiff alleged that defendant engaged in a consumer-oriented pattern and practice aimed at the public at large of wrongfully denying claims for no-fault benefits by pressuring the physicians it hired to perform IMEs to provide medical reports that would support the denial of benefits and, further, that she suffered injury as a result of that practice. Such allegations are sufficient to plead a cause of action pursuant to General Business Law § 349 “ ‘at this early prediscovery phase’ ” (Shebar v Metropolitan Life Ins. Co., 25 AD3d at 859 [brackets omitted], quoting Skibinsky v State Farm Fire & Cas. Co., 6 AD3d at 976).[2] Thus, Supreme Court erred in granting defendant’s motion to dismiss plaintiff’s General Business Law § 349 cause of action. In her breach of contract claim, plaintiff seeks consequential damages, including damages for emotional distress. Supreme Court dismissed plaintiff’s claim for emotional distress damages and held that plaintiff had otherwise adequately pleaded a claim for consequential damages. We agree. It has long been the rule that “absent a duty upon which liability can be based, there is no right of recovery for mental distress resulting from the breach of a contract-related duty” (Wehringer v Standard Sec. Life Ins. Co. of N.Y., 57 NY2d 757, 759 [1982]; accord Johnson v Jamaica Hosp., 62 NY2d 523, 528-529 [1984]; see Hess v Nationwide Mut. Ins. Co., 273 AD2d 689, 690-691 [2000]; Klein v Empire Blue Cross & Blue Shield, 173 AD2d 1006, 1008 [1991], lv denied 78 NY2d 863 [1991]; Sweazey v Merchants Mut. Ins. Co., 169 AD2d 43, 45 [1991], lv dismissed 78 NY2d 1072 [1991]). As Supreme Court noted, plaintiff failed to satisfy this standard because she did not allege the existence of any relationship or duty between the parties separate from the contractual obligation. We reject plaintiff’s argument that she may seek damages for emotional distress in light of Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y. (10 NY3d 187 [2008]) and Panasia Estates, Inc. v Hudson Ins. Co. (10 NY3d 200 [2008]), in which the Court of Appeals held, for the first time, that “consequential damages resulting from a breach of the covenant of good faith and fair dealing may be asserted in an insurance contract context, so long as the damages were ‘within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting’ ” (Panasia Estates, Inc. v Hudson Ins. Co., 10 NY3d at 203, quoting Bi-Economy Mkt. Inc. v Harleysville Ins. Co. of N.Y., 10 NY3d at 192 [internal quotation marks and citations omitted]). Although the Court of Appeals did not specifically consider the issue of whether damages were available for emotional distress when it decided Bi-Economy and Panasia, we conclude that it did not implicitly abandon the long-standing rule that damages for emotional distress for breach of contract are available only in certain limited circumstances, such as a willful breach accompanied by egregious and abusive behavior (see Johnson v Jamaica Hosp., 62 NY2d at 528-529). In that regard, we note that the Second Department has continued to apply the rule of Wehringer v Standard Sec. Life Ins. Co. of N.Y. (supra) following Bi-Economy and Panasia (see Curtis-Shanley v Bank of Am., 109 AD3d 634, 635 [2013], appeal dismissed and lv denied 22 NY3d 1133 [2014]; Rakylar v Washington Mut. Bank, 51 AD3d 995, 996 [2008]). The Second Department has also held, based on a rule that existed prior to Bi-Economy and Panasia, that the scope of consequential damages permitted by Bi-Economy and Panasia does not include the expenses incurred when an insured commences affirmative litigation to enforce its rights under an insurance policy (see Santoro v GEICO, 117 AD3d 1026, 1028 [2014]; Stein, LLC v Lawyers Tit. Ins. Corp., 100 AD3d 622, 622-623 [2012]).[3] We agree that nothing in Bi-Economy or Panasia implicitly altered or abrogated previous rules limiting recovery of damages for breach of a contract-related duty. Rather, Bi-Economy and Panasia announced a new rule that extended the ability to recover consequential damages for breach of the covenant of good faith and fair dealing in the context of an insurance contract—a circumstance where they had not previously been available— subject to the same rules that otherwise limit recovery of damages for any breach of contract. Thus, Supreme Court properly dismissed plaintiffs claim seeking damages for emotional distress.[4] Plaintiffs claim for punitive damages was likewise properly dismissed. Punitive damages may be recovered for breach of contract “only where a defendant’s conduct was (1) actionable as an independent tort, (2) egregious, (3) directed toward the plaintiff and (4) part of a pattern directed at the public” (Dinstber v Allstate Ins. Co., 110 AD3d 1410, 1411 [2013]). Plaintiffs allegations that defendant engaged in unfair claim settlement practices do not allege a tort independent of the parties’ contract sufficient to state a claim for recovery of punitive damages (see id.; Cunningham v Security Mut. Ins. Co., 260 AD2d 983, 984-985 [1999], lv dismissed 94 NY2d 796 [1999]). McCarthy, J.P., and Rose, J., concur. . Plaintiff abandoned any arguments with respect to the General Business Law § 350 and intentional infliction of emotional distress claims by failing to address the dismissal of those claims in her brief on appeal (see McConnell v Wright, 151 AD3d 1525, 1526 n [2017]; Miller v Genoa AG Ctr., Inc., 124 AD3d 1113, 1114 n [2015]). . Where, as here, the complaint asserts the material elements of a cause of action, the complaint may be amplified by allegations made in a bill of particulars (see ADC Chattels v Atlantic Dental Co., 169 AD2d 903, 903-904 [1991]; Lewis v Village of Deposit, 40 AD2d 730, 730 [1972], affd 33 NY2d 532 [1973]; see e.g. Ural v Encompass Ins. Co. of Am., 97 AD3d at 564). In her bill of particulars, plaintiff averred that defendant pressured IME physicians to issue medical reports that would wrongfully support the denial of claims specifically in instances where an insured had a preexisting injury. . We decline to follow Acquista v New York Life Ins. Co. (285 AD2d 73 [2001]), which was decided prior to Bi-Economy and Panasia, to the extent that it suggests that damages for emotional distress are recoverable for breach of the covenant of good faith and fair dealing with respect to insurance contracts. . In light of our determination that damages for emotional distress are not available in this action, as a matter of law, we need not consider whether such damages may have been foreseeable.