Edwards v Martin (2018 NY Slip Op 01238)





Edwards v Martin


2018 NY Slip Op 01238


Decided on February 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 22, 2018

525300

[*1]FREDERICK A. EDWARDS III, Individually and Doing Business as FRED EDWARDS III TRUCKING AND EXCAVATING, et al., Respondents- Appellants,
v
STELLA MARTIN et al., Appellants- Respondents, et al., Defendants.

Calendar Date: January 17, 2018

Before: Egan Jr., J.P., Devine, Mulvey, Aarons and Rumsey, JJ.


Law Office of David Gordon, Poughkeepsie (David Gordon of counsel), for Stella Martin, appellant-respondent.
Young/Sommer, LLC, Albany (Jeffrey S. Baker of counsel), for Martina Merced, appellant-respondent.
LaFave, Wein & Frament, PLLC, Guilderland (Patrick J. Higgins of counsel), for respondents-appellants.


Rumsey, J.

MEMORANDUM AND ORDER
(1) Cross appeal from an order of the Supreme Court (Zwack, J.), entered September 14, 2016 in Greene County, which, among other things, denied plaintiffs' motion to dismiss the
counterclaim of defendants Stella Martin and Martina Merced seeking counsel fees and sanctions, and denied Martina Merced's cross motion for dismissal of the complaint, and (2) appeal from an order of said court, entered October 6, 2016 in Greene County, which granted plaintiffs' motion for partial summary judgment.
Plaintiffs own property in the Town of Catskill, Greene County, where they maintain a garage and storage area for Fred Edwards III Trucking and Excavating and operate a yard waste composting facility. Defendants Stella Martin and Martina Merced (hereinafter collectively referred to as defendants) separately reside in homes that are located adjacent to plaintiffs' [*2]property. Between November 2014 and October 2015, Martin made numerous statements, through electronic social media, newspapers, local radio and emails, complaining that plaintiffs' business was being operated illegally in a manner that was causing harm to her property and to the health of her family. In May 2015, Merced posted a complaint on Facebook and, in August 2015, made verbal statements to a woman at a local garage sale and additional statements that were broadcast on a local radio station.
In November 2015, plaintiffs commenced this action asserting causes of action for defamation, slander, libel, interference with a prospective contract or business relationship, injurious falsehood, prima facie tort, intentional infliction of emotional distress and trespass and for a determination regarding title to a portion of their property pursuant to RPAPL article 15. Defendants answered the complaint and asserted numerous affirmative defenses and two counterclaims, one counterclaim pursuant to Civil Rights Law §§ 70-a and 76-a, on the basis that the action is a strategic lawsuit against public participation (hereinafter SLAPP), and the second for trespass. Plaintiffs then moved to dismiss defendants' anti-SLAPP counterclaim and defendants cross-moved pursuant to CPLR 3211 (g) and 3212 (h) for dismissal of all causes of action, except the RPAPL article 15 cause of action; alternatively, defendants sought leave to amend their anti-SLAPP counterclaim. Plaintiffs subsequently moved for partial summary judgment on their RPAPL article 15 cause of action.
By order entered September 14, 2016, Supreme Court (1) denied plaintiffs' motion to dismiss defendants' anti-SLAPP counterclaim, (2) denied defendants' cross motion for dismissal of the first eight causes of action, (3) granted defendants' cross motion for leave to amend their anti-SLAPP counterclaim, and (4) granted plaintiffs' motion for partial summary judgment on their RPAPL article 15 claim. An order entered October 6, 2016 provided additional terms related to the grant of plaintiffs' motion for partial summary judgment on the RPAPL article 15 cause of action. Defendants appeal from both orders,[FN1] and plaintiffs cross-appeal from the September 15, 2016 order to the extent that it denied their motion to dismiss defendants' anti-SLAPP counterclaim.[FN2]
Resolution of plaintiffs' motion to dismiss the anti-SLAPP counterclaim turns on whether this action is a SLAPP action, which is "an action involving public petition and participation" (Civil Rights Law § 70-a [1]; see T.S. Haulers v Kaplan, 295 AD2d 595, 596 [2002]; Gill Farms v Darrow, 256 AD2d 995, 997 [1998]). An action involves public petition and participation when it "is brought by a public applicant or permittee, and is materially related to any efforts of the defendant to report on, comment on, rule on, challenge or oppose such [*3]application or permission" (Civil Rights Law § 76-a [1] [a]). A public applicant or permittee is "any person who has applied for or obtained a permit, zoning change, lease, license, certificate or other entitlement for use or permission to act from any government body" (Civil Rights Law § 76-a [1] [b]).
It is undisputed that, in 2007, plaintiffs registered with the Department of Environmental Conservation (hereinafter DEC) as a yard waste composting facility that accepts between 3,000 to 10,000 cubic yards of waste per year (see 6 NYCRR former 360-5.3 [b] [1] [i])[FN3]. Lawful operation of plaintiffs' composting facility requires DEC permission and ongoing compliance with all applicable regulations and is subject to oversight by DEC. Although no term is specified for expiration of an accepted registration (see 6 NYCRR former 360-1.8 [h] [6]), a registration may be revoked if a facility fails to comply with all applicable operational criteria, or if DEC determines that a facility poses the potential for a significant adverse impact on public health, safety or welfare (see 6 NYCRR former 360-1.4 [a] [1] [i]). Registered facilities must file annual reports (see 6 NYCRR former 360-1.8 [h] [8]), and must comply with all specified operational standards, including those applicable to a regulated facility of the same type (see 6 NYCRR former 360-1.4 [a] [1] [ii]; see also 6 NYCRR former 360-5.3 [b] [2]). In light of the fact that operations pursuant to a registration require DEC permission and are subject to continuing DEC oversight, Supreme Court properly concluded that plaintiffs are public permittees, as defined by Civil Rights Law § 76-a (1) (b) (see Street Beat Sportswear v National Mobilization Against Sweatshops, 182 Misc 2d 447, 451-452 [1999, Abdus-Salaam, J.]).
We also conclude that the relevant conduct challenged in this action — defendants' statements about plaintiffs and the operations conducted at their property — establishes that the action is materially related to plaintiffs' registered yard composting facility. Plaintiffs alleged in the complaint that Martin, among other things, posted a video on YouTube entitled "Neighbor creating [sic] Hazardous conditions [sic] with Composting Process," and that she had complained that her young puppy had been made sick by bioaerosols and fungi emanating from plaintiffs' composting facility. Moreover, a number of the statements that plaintiffs alleged were made by defendants specifically related to the regulations governing operation of plaintiffs' registered yard waste composting facility. For example, plaintiffs alleged that Martin complained about plaintiffs' failure to control dust and odors (see 6 NYCRR former 360-1.14 [k], [m]; former 360-5.3 [b] [2] [ii]), plaintiffs' deposit of materials not authorized for composting, including cow [*4]manure (see 6 NYCRR former 360-1.14 [e] [1]), plaintiffs' placement of mulch and cow manure 15 feet uphill from her well, which she asserted resulted in contamination of her well (see 6 NYCRR former 360-1.14 [b] [2]), and that the deposit of cow manure at plaintiffs' facility had caused a fly infestation at her property (see 6 NYCRR former 360-1.14 [l]). Plaintiffs alleged that Merced specifically complained about odors and fly infestations emanating from plaintiffs' composting facility [FN4]. Accordingly, inasmuch as this action involves public petition and participation, plaintiffs' motion to dismiss the anti-SLAPP counterclaim was properly denied.
Defendants cross-moved pursuant to CPLR 3211 (g) and 3212 (h) for dismissal of the first eight causes of action on the basis that the action is a SLAPP suit [FN5]. A motion to dismiss must be granted where a party demonstrates that the action involves public petition and participation, as defined in Civil Rights Law § 76-a, unless the party opposing the motion demonstrates that the cause of action has a substantial basis in law (see CPLR 3211 [g]). Inasmuch as we have determined that this action involves public petition and participation, to avoid dismissal of the complaint against Merced, plaintiffs must demonstrate that any statement they allege she made "was made with knowledge of its falsity or with reckless disregard of whether it was false" (Civil Rights Law § 76-a [2]; see International Shoppes, Inc. v At the Airport, LLC, 131 AD3d 926, 929 [2015]). Plaintiffs failed to meet this burden. Their allegation that DEC personnel had advised Merced that they had inspected plaintiffs' property on 14 occasions and never found any hazardous waste or contaminated water or air is not supported by the record. Moreover, plaintiffs' specific assertion that DEC investigators advised Merced on May 11, 2015 that further investigation would be made to determine whether fill placed on plaintiffs' property complied with a consent order related to filling of a wetland, even if true, does not show that Merced had knowledge that there was no violation of that order because the record does not show that she was advised of the results of any further investigation. The ninth cause of action — the RPAPL article 15 claim — is not asserted against Merced. Thus, the complaint against Merced must be dismissed in its entirety.
Egan Jr., J.P., Devine, Mulvey and Aarons, JJ., concur.
ORDERED that the order entered September 14, 2016 is modified, on the law, with costs to defendant Martina Merced, by reversing so much thereof as denied said defendant's cross motion for dismissal of the complaint; cross motion granted and complaint dismissed against said defendant; and, as so modified, affirmed.
ORDERED that the order entered October 6, 2016 is affirmed, without costs.



Footnotes

Footnote 1: The RPAPL cause of action was asserted only against Martin, who abandoned any issue with respect to this cause of action as she does not address that issue in her brief on appeal (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 n 1 [2017]). In addition, at oral argument, her counsel confirmed that she is not appealing from Supreme Court's determination with regard to this cause of action.

Footnote 2: Plaintiffs have abandoned any challenge to Supreme Court's grant of defendants' cross motion for leave to amend their anti-SLAPP counterclaim by failing to address that issue in their brief (see Brown v Government Empls. Ins. Co., 156 AD3d at 1088 n 1).

Footnote 3: The revisions to 6 NYCRR part 360 that became effective November 4, 2017 included the repeal of subpart 360-5 as promulgated in 2003. Provisions relating to composting facilities are now contained in 6 NYCRR 361-3.2, which also includes a provision permitting registration of yard waste composting facilities that accept between 3,000 and 10,000 cubic yards per year (see 6 NYCRR 361-3.2 [b] [1]). A facility registered under the repealed regulations that continues to be eligible to operate as a registered facility under the new regulations must apply for a new registration by May 2, 2018 and, pending a determination on the application for a new registration, must comply with all conditions of any registration that was in existence when the new regulations were enacted (see 6 NYCRR 360.4 [b] [2]). Thus, plaintiffs' yard waste composting facility was, and continues to be, required to comply with the repealed regulations, which are cited herein.

Footnote 4: Plaintiffs' contrary argument is unavailing. They erroneously asserted that defendants' complaints were limited to matters related to plaintiffs' receipt of "clean fill" — an activity that plaintiffs represented ended in 2011 — and ignored the statements that they alleged were made by defendants that we have identified as being specifically subject to regulation by DEC pursuant to the registration.

Footnote 5: Martin abandoned any challenge to denial of the cross motion as to her by failing to address any issue with respect thereto in her brief (see Brown v Government Empls. Ins. Co., 156 AD3d at 1088 n 1).