Matter of Stephenson v Allstate Indem. Co. (2018 NY Slip Op 02706)





Matter of Stephenson v Allstate Indem. Co.


2018 NY Slip Op 02706


Decided on April 19, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 19, 2018

525548

[*1]ORONDE STEPHENSON, as Administrator of the Estate of GLORIA THORNHILL, Deceased, Appellant,
v
ALLSTATE INDEMNITY COMPANY, Respondent.

Calendar Date: February 14, 2018

Before: Egan Jr., J.P., Clark, Mulvey, Aarons and Rumsey, JJ.


Gustave J. DeTraglia Jr., Utica, for appellant.
Sugarman Law Firm LLP, Syracuse (Christopher J. Lattuca of counsel), for respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from an order of the Supreme Court (Lebous, J.), entered April 27, 2017 in Broome County, which, among other things, granted defendant's motion for summary judgment dismissing the complaint.
Gloria Thornhill (hereinafter decedent) owned a single-family residence in the City of Binghamton, Broome County (hereinafter the premises) that was insured by defendant. In March 2014, the premises sustained significant water damage after a pipe froze and burst. Defendant disclaimed coverage based on several policy exclusions. Decedent commenced this action seeking, among other things, damages for defendant's alleged
breach of the insurance contract [FN1]. After discovery was completed, defendant moved for summary judgment dismissing the complaint. Plaintiff opposed the motion and cross-moved for permission to amend the complaint to assert a cause of action against the agent from whom decedent had purchased the insurance policy. Supreme Court granted defendant's motion on the basis that coverage was precluded by an exclusion in the policy for losses caused when a plumbing system freezes while the insured premises are unoccupied and denied plaintiff's cross [*2]motion. Plaintiff now appeals.[FN2]
To avoid policy coverage, an insurer bears the burden of establishing that the exclusions or exemptions on which it relies apply in the particular case (see Dean v Tower Ins. Co. of N.Y., 19 NY3d 704, 708 [2012]). The policy at issue excludes coverage for damage caused by "[f]reezing of plumbing, fire protective sprinkler systems, heating or air conditioning systems or household appliances, or discharge, leakage or overflow from within the systems or appliances caused by freezing, while the building structure is vacant, unoccupied or being constructed unless you have used reasonable care to: (a) maintain heat in the building structure; or (b) shut off the water supply and drain the system and appliances." Notably, the exclusion does not apply in every case where a loss is caused by a lack of heat when an insured structure is unoccupied; rather, it applies only when the insurer establishes that the insured failed to "use reasonable care" to maintain the heat during the relevant period.
Many of the material facts relevant to whether the exclusion applies in this case are undisputed, specifically that the premises were unoccupied from December 2013 through March 24, 2014, when the loss was discovered, that the damages were caused by water that was discharged from the plumbing system after a pipe broke when it froze as a result of inadequate heat in the premises, and that the water supply was not shut off and the plumbing system was not drained. Thus, the determinative issue is whether decedent used reasonable care to maintain heat in the premises during her absence.
In support of its motion, defendant submitted plaintiff's deposition testimony and a statement that decedent made to defendant's claims investigator showing that decedent left the property unoccupied during the winter months without making any arrangements to have it inspected during her absence to ascertain whether the heating system was functioning. Defendant also submitted the affidavit of an expert witness showing that consumption of natural gas — the fuel used to heat the premises — from December 7, 2013 through February 6, 2014 was insufficient to maintain a level of heat adequate to prevent freezing of the plumbing system. As defendant met its burden of establishing that the exclusion applied here, the burden shifted to plaintiff to raise a triable issue of fact in this regard.
Plaintiff's proof regarding decedent's arrangements regarding maintenance of the property in her absence was limited to the affidavit of Gerald Whitmarsh, who was responsible for lawn mowing and snow removal. Whitmarsh does not aver that decedent asked him to inspect the interior of the premises to confirm whether it was adequately heated, or that he actually entered the premises during the relevant time. His conclusory allegations that the premises were always heated and that he never noticed that the heat was off — which do not specify when those observations may have been made — are insufficient to rebut defendant's showing that decedent made no arrangements to ensure that the heat continued to work during her absence. Plaintiff's argument that defendant was required to prove the cause of the heating system's failure is misplaced because it fails to address the determinative issue of whether decedent used reasonable care to ensure continued operation of the heating system during her absence. We conclude that decedent failed to use reasonable care, as a matter of law, to maintain heat in the premises while it was unoccupied for three months during the winter heating season, because it is undisputed that she did not arrange for inspection of the premises or take any other [*3]action to ensure that adequate levels of heat were actually maintained during that time period (see e.g. Amery Realty Co., Inc. v Finger Lakes Fire & Cas. Co., 96 AD3d 1214, 1216 [2012], lv denied 19 NY3d 812 [2012]; Pazianas v Allstate Ins. Co., 2016 WL 3878185, *5, 2016 US Dist LEXIS 92796, *13-15 [ED Pa 2016]; Jugan v Economy Premier Assur. Co., 2018 WL 1432973, *3-4, 2018 US App LEXIS 7218, *8-14 [3d Cir 2018]). Thus, Supreme Court properly granted defendant's motion. Plaintiff's remaining arguments have been considered and found to lack merit.
Egan Jr., J.P., Clark, Mulvey and Aarons, JJ., concur.
ORDERED that the order is affirmed, with costs.



Footnotes

Footnote 1: After the action was commenced, decedent died and plaintiff, her son, was substituted as plaintiff.

Footnote 2: Plaintiff abandoned any argument with respect to the denial of his cross motion by failing to address that issue in his brief on appeal (see Brown v Government Empls. Ins. Co., 156 AD3d 1087, 1088 n 1 [2017]).